**UNITED STATES of America, Appellee,**

v.

**Jack BLAKNEY, Defendant–Appellant.**

**No. 1639, Docket 91–1091.**

United States Court of Appeals, Second Circuit.

Argued June 18, 1991.

Decided Aug. 5, 1991.

James Orenstein, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Matthew E. Fishbein, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for appellee.

Mark B. Gombiner (The Legal Aid Society, Federal Defender Services Unit, New York City, on the brief), for defendant-appellant.

Before MESKILL, KEARSE, and McLAUGHLIN, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Jack Blakney appeals from a judgment entered in the United States District Court for the Eastern District of New York convicting him, following a jury trial before Raymond J. Dearie, *Judge*, of dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) (1988), and possession of "crack" cocaine, in violation of 21 U.S.C. § 844(a) (1988). He was sentenced principally to 24 months' imprisonment on the firearms count and, concurrently, to 12 months' imprisonment on the drug count. On appeal, Blakney contends that (1) the firearms and narcotics counts should have been tried separately, and (2) his sentence was improper because the district court took his prior conviction into account in determining both the offense level and the applicable criminal history category under the federal Sentencing Guidelines ("Guidelines"). For the reasons below, we disagree and affirm the judgment.

## I. BACKGROUND

Summarized briefly in the light most favorable to the government, the evidence at trial, whose sufficiency is not here challenged, showed the following. John Adams, a firearms dealer turned informant, sold guns unlawfully to Blakney on six occasions between October 1989 and January 30, 1990. Blakney in turn sold the guns to others. He also sold crack, sometimes using the proceeds of his narcotics sales to purchase more guns. On at least one of these occasions, Blakney sought to give Adams cocaine in exchange for the guns. Some of Blakney's narcotics customers also bought guns from him.

Blakney was charged with one count of unlawfully dealing in firearms, in violation of § 922(a)(1)(A), and one count of possession of crack with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (1988). Prior to trial, he moved pursuant to Fed.R.Crim.P. 8(a) and 14 for a severance of the two counts. The court denied his motion. On the firearms charge, the jury found Blakney guilty; as to the narcotics count, it found him guilty of sim-

ple possession of crack, a lesser-included offense.

Blakney had been convicted of a felony in 1988, for which he had been sentenced to three months' imprisonment. In light of this conviction, the court calculated the base offense level for his firearms offense as 12. *See* Guidelines § 2K2.2(c). In calculating Blakney's criminal history category, the court assigned Blakney two points because he committed the present offenses while he was on parole from his prior conviction and one point because he committed the present offenses within two years of his release from imprisonment on the prior conviction; the resulting three-point total would have given him a criminal history category of II. *See id.* §§ 4A.1.1(d) and (e). Applying Guidelines § 4A1.1(b), however, over Blakney's objection, the Court added two further criminal history points because of Blakney's prior imprisonment; the additional two points resulted in a criminal history category of III. Following additional adjustments that are not challenged here, the court sentenced Blakney as indicated above. This appeal followed.

## II. DISCUSSION

On appeal, Blakney contends that the court should have granted his motion to sever the firearms and narcotics counts and that in sentencing him, the court impermissibly "double-counted" his prior conviction. For the reasons below, we disagree.

### A. *The Severance Motion*

■ Blakney's contention that he was entitled to a severance of the counts against him does not require extended discussion. Rule 8(a) permits the joinder of two or more offenses in the same indictment where they "are based on ... two or more acts or transactions connected together." Fed.R.Crim.P. 8(a). For purposes of analysis under Rule 8(a), "no one characteristic is always sufficient to establish 'similarity' of offenses," 8 *Moore's Federal Practice* ¶ 8.05[4], at 8–22 (2d ed. 1991), and each case depends largely on its own facts. Joinder is proper where the same

evidence may be used to prove each count. *See, e.g., United States v. Montes–Cardenas,* 746 F.2d 771, 776 (11th Cir.1984); *see also United States v. Feola,* 651 F.Supp. 1068, 1121 (S.D.N.Y.1987) (joinder proper where weapons and narcotics found during same search), *aff'd mem.,* 875 F.2d 857 (2d Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989).

■ Notwithstanding proper joinder, a defendant may move under Fed.R.Crim.P. 14 for separate trials of counts charged in the same indictment if he believes the joinder is prejudicial. The denial of such a motion is reviewable only for abuse of discretion, *see, e.g., United States v. Cody,* 722 F.2d 1052, 1061 (2d Cir.1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984); *United States v. Werner,* 620 F.2d 922, 928 (2d Cir.1980); *see also United States v. Potamitis,* 739 F.2d 784, 790 (2d Cir.) (severance of defendants), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984), and will not be overturned unless the defendant demonstrates that the failure to sever caused him "substantial prejudice" in the form of a "miscarriage of justice," *id.* at 790.

■ In the present case, joinder was proper, and there was no abuse of discretion in the denial of severance. Blakney's dealings in guns and narcotics were plainly connected. The evidence showed, *inter alia,* that he was selling both commodities to the same customers; in addition, on at least one occasion he sought to pay for guns by giving Adams cocaine. The evidence in support of the two counts was thus interconnected, and the interests of judicial efficiency were served by having the counts tried together. Blakney has not pointed to any consequent miscarriage of justice.

### B. *Sentencing*

■ Blakney also challenges his sentence, contending that his prior narcotics conviction was impermissibly "double-counted" by the district court. He argues that the 1988 conviction may be taken into consideration in calculating his offense lev-

el but not his criminal history category. We conclude that the dual consideration was proper.

Blakney's offense level was calculated with reference to Guidelines § 2K2.2(c)(1), which provides that "[i]f the defendant, at the time of the offense, had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, apply § 2K2.1" if the result will raise the offense level above what it otherwise would be. Section 2K2.1 provides, insofar as is pertinent here, that the base offense level is to be "12 ... if the defendant, at the time of the offense, had been convicted in any court of an offense punishable by imprisonment for a term exceeding one year." Guidelines § 2K2.1(a)(2).

Blakney's criminal history category was calculated with reference to Guidelines § 4A1.1(b), which provides, with certain exceptions not pertinent here, that two points are added "for each prior sentence of imprisonment of at least sixty days" but not more than 13 months. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." § 4A1.2(a)(1). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." Guidelines § 4A1.2(b)(1).

Section 2K2.2 does not specify whether or not a conviction considered under that section should also be taken into account in calculating criminal history category, and Blakney contends that the absence of any provision expressly requiring dual consideration means that dual consideration was not intended. In support of this contention, he argues that certain sections of the Guidelines, such as § 3C1.1 Application Note 6, expressly forbid double-counting and reflect a general policy against dual consideration, and that when the Sentencing Commission wished to require dual consideration, it specifically so provided, as in § 2L1.2(b)(1) Application Note 4 (specified "adjustment [in offense level] ... is in addition to any criminal history points added for such conviction in Chapter 4, Part A"); *see also* Guidelines § 2L1.1(b)(2) Applica-

tion Note 4 (same). We do not find these arguments persuasive.

■ Though there are certain Guidelines provisions that forbid double-counting, they provide only that a given circumstance is not to be considered twice in calculating the defendant's offense level. *See, e.g.,* Guidelines § 3B1.3 (adjustment for abuse of position of trust or use of special skill not permitted if abuse of trust or skill is included in the base offense level or specific offense characteristic); *id.* § 3A1.1 Application Note 2 (adjustment for vulnerability of victim not applicable where offense guidelines specifically incorporate this factor); *id.* § 3A1.3 Application Note 2 (adjustment for restraint of victim not applicable where restraint is an element of the offense, or is specifically incorporated into the base offense level, or is listed as a specific offense characteristic); *id.* § 3C1.1 Application Note 6 (adjustment for obstruction of justice not applicable to defendant convicted of offenses of contempt, obstruction of justice, perjury or bribery of a witness unless further obstruction occurred during investigation or prosecution of offense). Such provisions, since they deal solely with the calculation of offense level, are not particularly enlightening as to whether a given prior conviction may be considered in connection with both offense-level calculation and criminal-history calculation.

Nor do we regard the Guidelines §§ 2L1.2(b)(1) Application Note 4 and 2L1.1(b)(2) Application Note 4 provisions for dual consideration as dispositive with respect to § 2K2.2. In general, we think a prior conviction should be taken into account in any way specifically stated by the Guidelines unless the Guidelines provide to the contrary. As discussed below, we are persuaded here by (1) the general purposes underlying the consideration of both the nature of the offense and the defendant's past history, and (2) differences in the frames of reference required by the pertinent sections that dual consideration in the case of §§ 2K2.2 and 4A1.1(b) is required.

Guidelines offense level calculations focus principally on the nature of the offense

of conviction, both inherently and in light of other pertinent circumstances. Part K of Chapter 2 of the Guidelines instructs the court how to calculate the offense levels for crimes involving public safety. Section 2K2.2, for example, sets varying base offense levels for unlawful trafficking in firearms depending on, *inter alia*, the number of firearms involved and whether the firearms were stolen or had their serial numbers altered. *See* Guidelines §§ 2K2.2(b)(1) and (2). These circumstances are deemed to make the firearms offense more serious. Section 2K2.1(a)(2), increasing the offense level when the unlawful sale of weapons was by a prior felon, reflects *recognition* that sale of firearms is a more serious offense when committed by a person who in the past has been proven dangerous or irresponsible.

Calculation of a defendant's criminal history category, on the other hand, focuses on the deeds and experiences of the particular defendant. It is generally intended to aid analysis of how severe a sentence in the instant case will best serve the four general purposes of sentencing identified in Chapter One, Part A.2., of the Guidelines, *i.e.*, deterrence, incapacitation, just punishment, and rehabilitation:

> A defendant's record of past criminal conduct is directly relevant to th[e]se purposes. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

§ 4A1.1 Introductory Commentary. Calculation of a defendant's criminal history category generally is more concerned with the punishment imposed for the prior conviction than with the nature of the offense of conviction.

These differences in the foci of offense-level calculation and criminal-history calculation are reflected also in slight but material differences in the terminology used in §§ 2K2.2(c)(1) and 4A1.1(b). The offense-level calculation required by § 2K2.2(c)(1), reflecting focus on the offense itself, is governed by the degree to which the prior offense could have been punished. *See* Guidelines § 2K2.1(a)(2) (taking account of "offense punish*able* by imprisonment for a term exceeding one year" (emphasis added)). The criminal-history calculation required by § 4A1.1(b), on the other hand, focusing on the defendant, is governed by the degree to which that punishment was actually imposed. *See, e.g.,* Guidelines § 4A1.2(b) (defining § 4A1.1(b)'s key point of reference as "maximum sentence impos*ed*" (emphasis added)). Since the punishment authorized often exceeds the punishment imposed, the points of reference for §§ 2K2.2(c)(1) and 4A1.1(b) obviously are not necessarily identical. If the Sentencing Commission had meant the prior offense of a person convicted of a firearms offense to be a factor taken into account only with respect to offense level or criminal history category but not both, surely it would have made the frame of reference the same, not potentially different.

In light of these considerations, we conclude that the Guidelines required that Blakney's prior conviction be taken into account in calculating both his offense level under § 2K2.2(c)(1) and his criminal history category under § 4A1.1(b). *Accord United States v. Wyckoff,* 918 F.2d 925, 926–27 (11th Cir.1990).

## CONCLUSION

We have considered all of Blakney's arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.