UNITED STATES of America,
Plaintiff–Appellee,

v.

Debra ALESSANDRONI, Defendant–
Appellant.

No. 92–5075.

United States Court of Appeals,
Tenth Circuit.

Dec. 23, 1992.

Michael G. Katz, Federal Public Defender, and Jill M. Wichlens, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Tony M. Graham, U.S. Atty., and Allen J. Litchfield, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*

EBEL, Circuit Judge.

The defendant-appellant, Debra Alessandroni, was convicted of violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon. The district court sentenced her to 21 months in prison under United States Sentencing Guideline § 2K2.1(a)(2). In calculating Alessandroni's sentence, the court added three points to her criminal history category for her

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

prior second-degree burglary conviction pursuant to U.S.S.G. 4A1.1(a). On appeal, the defendant contends that the sentencing court improperly double-counted her burglary conviction as both the predicate felony for her violation of § 922(g)(1) and as a prior felony conviction supporting a three-point increase in her criminal history category. We hold that both the language of and the policies · behind the Sentencing Guidelines support this dual use of Alessandroni's prior felony conviction, and therefore we affirm.

## I. FACTS

On January 22, 1992, a jury found Alessandroni guilty of possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).[1] The defendant and the government stipulated at trial that in 1990 the defendant had been convicted of second-degree burglary in Oklahoma, and this felony served as the predicate offense for the § 922(g)(1) violation.

On March 24, 1992, Alessandroni was sentenced under the United States Sentencing Guidelines ("Guidelines"). The district court calculated her criminal history score as follows: three points were assigned under U.S.S.G. § 4A1.1(a) for the 1990 second-degree burglary conviction; three points were assigned under U.S.S.G. § 4A1.1(a) for a 1990 concealing-stolen-property conviction; two points were assigned under U.S.S.G. § 4A1.1(d) because the defendant committed the § 922(g)(1) offense while on probation; and one point was assigned under U.S.S.G. § 4A1.1(e) because Alessandroni committed the § 922(g)(1) offense less than two years after her release on a prior sentence. The defendant therefore had a criminal history score of nine, which placed her in criminal history category IV. After calculating a total offense level of 12 under U.S.S.G. § 2K2.1(a)(2), the district court determined the Guideline range to be 21 to 27 months. The district court sentenced the defendant to 21 months imprisonment.

## II. USE OF THE BURGLARY CONVICTION IN THE OFFENSE LEVEL AND CRIMINAL HISTORY CALCULATION

▆▆▆ The defendant contends that the sentencing court improperly considered her second-degree burglary conviction in determining her criminal history category, because the conviction had already been taken into account in her offense level as the § 922(g)(1) predicate felony offense. We review de novo the district court's legal conclusions regarding the application and interpretation of the Guidelines. *United States v. Pettit*, 938 F.2d 175, 178 (10th Cir.1991) (citing *United States v. Tisdale*, 921 F.2d 1095, 1100 (10th Cir.1990) *cert. denied*, —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991)). Because the defendant's counsel did not object to the district court's application of the criminal history guidelines at sentencing, we review for plain error. Fed.R.Crim.P. 52(b); *United States v. Saucedo*, 950 F.2d 1508, 1511 (10th Cir.1991). However, the imposition of a sentence based on an erroneous interpretation of the law constitutes plain error. *Saucedo*, 950 F.2d at 1517. Applying this standard, we hold that the district court properly used Alessandroni's burglary conviction both as the predicate felony offense under § 922(g)(1) and to increase the defendant's criminal history score. We believe this holding is consistent with the language of and the policies behind the Guidelines.

### A. *Plain Language of the Guidelines*

▆▆▆ We interpret the Guidelines as if they were a statute or a court rule. *United States v. Goldbaum*, 879 F.2d 811, 813 (10th Cir.1989). Therefore, to the extent that the language is clear and unambigu-

---

**1.** 18 U.S.C. § 922(g)(1) provides:
It shall be unlawful for any person[,] .. who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] ... to ... possess in or affecting commerce, any firearm....

For ease of reference, we will refer to this provision as prohibiting possession of a firearm by one who has a prior felony conviction.

ous, it must be followed except in the most extraordinary situation where the language leads to an absurd result contrary to clear legislative intent. *Demarest v. Manspeaker*, 498 U.S. 184, 190–91, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991); *United States v. Smith*, 900 F.2d 1442, 1446 (10th Cir.1990) (citing *Goldbaum*, 879 F.2d at 813)). As we have noted before, the structure of the Sentencing Guidelines suggests that the criminal history category is to be determined independently of the offense level and without regard to the nature of the crime for which the defendant is currently being sentenced. *Goldbaum*, 879 F.2d at 813. The "Application Instructions" in § 1B1.1 make clear that courts are to follow a particular order when determining a sentence under the Guidelines: courts are first to assess the applicable offense level and later to assess the applicable criminal history category. *See* U.S.S.G. § 1B1.1; *Goldbaum*, 879 F.2d at 813. Where exceptions to the general rules of application are intended, the Sentencing Commission has expressly provided for them. *Goldbaum*, 879 F.2d at 813 (citing, *inter alia*, U.S.S.G. § 2C1.2, Application Note 2; U.S.S.G. § 2J1.2, Application Note 2; U.S.S.G. § 2T1.4, Application Note 3; U.S.S.G. § 2X3.1, Application Note 2). As a general principle of statutory interpretation, if a statute specifies exceptions to its general application, other exceptions not explicitly mentioned are excluded. *Goldbaum*, 879 F.2d at 813 (citations omitted).

■ The clear and unambiguous language of the Guidelines clearly permits consideration of Alessandroni's burglary conviction in calculating her offense level. Section 2K2.1(a)(2) provides a base offense level of 12 for defendants convicted of violating § 922(g). One of the elements of the crime of possession of a firearm under § 922(g)(1) is that the defendant have a prior felony conviction. *United States v. Shunk*, 881 F.2d 917, 921 (10th Cir.1989). Thus, the Guidelines necessarily permit the use of Alessandroni's burglary conviction in calculating her offense level.

The Guidelines also appear to permit consideration of the burglary conviction in cal-

culating Alessandroni's criminal history category under § 4A1.1. Section 4A1.1(a) requires a three-point increase in the defendant's criminal history score for each "prior sentence" of imprisonment exceeding thirteen months. The term "prior sentence" means any sentence previously imposed upon adjudication of guilt "for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Alessandroni contends that because her 1990 burglary conviction served as the predicate element for § 922(g)(1), it constitutes conduct that is "part of the instant offense" under § 4A1.2(a)(1). She therefore asserts that the burglary conviction was not a "prior sentence" under § 4A1.2(a)(1) and should not have been included in her criminal history score under § 4A1.1(a). We disagree.

By its own terms, § 4A1.2(a)(1) only precludes the consideration of sentences earlier imposed for *"conduct"* that is part of the instant offense. But it is not the *conduct* of committing a prior felony that is an element of § 922(g)(1); rather, it is the *status* of being a convicted felon that is an element of § 922(g)(1). The plain meaning of "conduct" presupposes action: Webster's defines it as "behavior in a particular situation...." Webster's Third New International Dictionary 474 (1986). Similarly, Black's Law Dictionary defines conduct as "personal behavior; deportment; mode of action; any positive or negative act." Black's Law Dictionary 295 (6th ed. 1990). Because the conduct leading to the earlier conviction was not the same conduct that led to the instant conviction, the district court properly included the conviction for the earlier conduct in the criminal history category.

Although the reasoning is different, our holding in this case is consistent with our cases and the decisions of other circuits dealing with sentences for unlawful escape. In *United States v. Goldbaum*, this court considered the proper Guideline sentence for a defendant convicted of the crime of unlawful escape from custody. We held there that the district court properly increased a defendant's criminal history score under U.S.S.G. §§ 4A1.1(d) and 4A1.1(e), because he was under a criminal

justice sentence at the time of escape and had committed the offense less than two years after release from imprisonment— even though confinement and imprisonment were also elements of the crime of escape. 879 F.2d at 813–14; *accord United States v. Ofchinick,* 877 F.2d 251, 255–57 (3d Cir.1989); *United States v. Wright,* 891 F.2d 209, 211–12 (9th Cir.1989); *United States v. Vickers,* 891 F.2d 86, 87–88 (5th Cir.1989) (per curiam); *United States v. Carroll,* 893 F.2d 1502, 1509–11 (6th Cir. 1990); *United States v. Jimenez,* 897 F.2d 286, 287–88 (7th Cir.1990); *United States v. Thomas,* 930 F.2d 12, 13–14 (8th Cir. 1991); *see United States v. Goolsby,* 908 F.2d 861, 863–64 (11th Cir.1990) (per curiam).

The Eleventh Circuit has already reached the same conclusion that we have today in a case much like Alessandroni's. In *United States v. Wycoff,* the Eleventh Circuit held that the district court properly considered a prior receiving-stolen-property conviction both as the predicate felony for the defendant's violation of § 922(g)(1) and as a prior sentence supporting a three-point increase in the defendant's criminal history score under § 4A1.1(a). 918 F.2d 925, 927 (11th Cir.1990). The court noted that the offense level and criminal history scores reflect different concerns, and that it is not irrational for the Commission to fashion a more severe sentence under § 922(g) for a person who has a prior felony conviction than for a person who violates § 922(g) because of the existence of another predicate status, such as the renunciation of U.S. citizenship under § 922(g)(7). *Id.*

Similarly, the Second Circuit has upheld the use of a prior felony conviction in both the offense level and the criminal history category of a defendant convicted of unlawful dealing in firearms in violation of § 922(a)(1)(A). *United States v. Blakney,* 941 F.2d 114, 117–118 (2d Cir.1991). In *Blakney,* the sentencing court assigned the defendant an offense level of 12 pursuant to § 2K2.2(c)(1) and § 2K2.1(a)(2), because the defendant had a prior felony conviction. *Blakney,* 941 F.2d at 116. The defendant challenged the sentencing court's use of the same felony conviction in calculating the defendant's criminal history category. The court assigned the defendant two points because he committed the § 922 offense while on parole from his prior felony conviction and one point because he committed the § 922 offense within two years of his release from prison, where he had been serving time for the same prior felony conviction. The Second Circuit upheld this dual use of the felony conviction. *Id.* at 117–18.

We do not find the cases to which the defendant directs our attention to be persuasive or even helpful. One case relied upon by the defendant, *United States v. Query,* 928 F.2d 383 (11th Cir.1991), construes the § 4A1.2(a)(2) term "related cases," rather than the § 4A1.2(a)(1) term "prior sentences," and thus is inapposite here. Nor do we find Alessandroni's citation of Tenth Circuit cases decided under § 4A1.2(a)(1) useful. The cases of *United States v. Butler,* 966 F.2d 559 (10th Cir. 1992), and *United States v. Banashefski,* 928 F.2d 349 (10th Cir.1991), addressed whether particular *conduct* that formed the basis of the federal prosecution was also conduct that was part of the prior conviction. Here, however, the relevant question is not whether Alessandroni's previous *conduct* of burglary is part of the instant offense. Her prior act of burglary is not the same act for which she is now being prosecuted. Instead, the relevant question in this case is whether the defendant's *status* as a convicted felon is "conduct"—a question which we have already answered in the negative.[2]

---

2. In § 922(g)(1) cases, the conduct that gave rise to the predicate felony conviction will never involve the same conduct that forms the basis of the § 922(g)(1) charge, because the predicate felony conviction must have been imposed before the commission of the § 922(g)(1) offense. *See* 18 U.S.C. § 922(g)(1) (making it unlawful for any person who *"has been* convicted" of a

felony to possess a firearm) (emphasis added); *see also United States v. Francisco,* 575 F.2d 815, 818 (10th Cir.1978) (noting that under the precursor statute to § 922(g)(1), the receipt of the firearm must be shown to have occurred after the predicate felony conviction). Therefore, we need not be concerned with the factual scenar-

Although we cannot say that the language of § 4A1.1(a) and § 4A1.2(a)(1) is so clear and unequivocal that it can admit of no other interpretation, we believe that our reading is the most reasonable and best harmonizes with the policies behind the Guidelines. Including a § 922(g)(1) offender's predicate felony in the calculation of both the criminal history and offense level accounts for the different purposes of the two categories. The offense level and criminal history scores embody distinctly separate notions related to sentencing. *Wyckoff*, 918 F.2d at 927. Whereas the offense level reflects the seriousness of the offense, the criminal history score reflects an assessment of the individual and the need to increase the sentence incrementally to deter the defendant from further criminal activity. *Id.* (citation omitted). Because the offense level and criminal history category serve different purposes, it is proper to calculate them independently and to include the § 922(g)(1) predicate felony in each. *Cf. Blakney*, 941 F.2d at 117 (noting that the Guideline provisions forbidding double-counting provide only that a given circumstance is not to be considered twice in calculating the defendant's *offense* level).

Including the prior felony conviction in the criminal history score of a defendant convicted of § 922(g)(1) also serves the Guidelines' goal of proportionality. The commission presumably knew that a § 922(g)(1) defendant would necessarily have one prior felony conviction and that the prior felony conviction could enhance the criminal history category under § 4A1.1(a). Therefore, removing the prior conviction from the criminal history score of only § 922(g)(1) offenders would lead to incongruities between the sentences imposed on § 922(g)(1) offenders and other § 922(g) violators.

For example, consider two defendants, each of whom has a prior felony conviction. One is convicted of violating § 922(g)(1), while the other is convicted of violating § 922(g)(7), which forbids the possession of a firearm by one who has renounced United States citizenship. Both defendants' offense levels would be 12, reflecting the Sentencing Commission's judgment that the two violations are equally serious. However, if we include the prior felony conviction in only the § 922(g)(7) violator's criminal history score, we will increase the § 922(g)(7) defendant's sentence disproportionately relative to the § 922(g)(1) offender's sentence. Therefore, in the absence of contrary intent, we must include Alessandroni's prior burglary conviction in her criminal history score to avoid sacrificing proportionality in sentencing. Thus, we believe that the policies behind the Guidelines support our decision that § 4A1.1(a) and § 4A1.2(a)(1) permit consideration of Alessandroni's § 922(g)(1) predicate offense in both the offense level and the criminal history category.

## III. CONCLUSION

We hold that the district court properly used Alessandroni's conviction both as the predicate felony offense under § 922(g)(1) and as a "prior sentence" warranting a three-point increase in her criminal history score under § 4A1.1(a). We therefore AFFIRM.

ios presented by the cases cited by the defen-     dant.