13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darris Dwayne BARNES, Defendant-Appellant.
 No. 93-6200.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The Defendant-Appellant, Darris Dwayne Barnes ["Barnes"], pled guilty on April 5, 1993 to violating 18 U.S.C. 922(g)(1), which prohibits the possession of a firearm by an individual who has been convicted of a crime punishable by a term of imprisonment exceeding one year.[2] On May 18, 1993, the district court sentenced Barnes to 46 months in prison pursuant to United States Sentencing Guideline 2K2.1(a)(4)(A). Based upon Barnes' 1986 conviction for Distribution of a Controlled Dangerous Substance, the court assigned Barnes a base offense level of twenty under U.S.S.G. 2K2.1(a)(4)(A) and assessed three criminal history points pursuant to U.S.S.G. 4A1.1(a). In this direct criminal appeal, Barnes contends that the court erroneously double-counted his prior drug conviction in determining his sentence by using the prior conviction to enhance both the base offense level and the criminal history. Because we conclude that the Sentencing Guidelines authorize this dual use of Barnes' prior conviction, we affirm.
 
 
 3
 We review de novo the district court's legal conclusions regarding the application and interpretation of the Sentencing Guidelines. U.S. v. Alessandroni, 982 F.2d 419, 420 (10th Cir.1992). After Barnes pled guilty to violating 922(g)(1), the district court overruled Barnes' objection to using his 1986 drug conviction to calculate both his criminal history and his offense level.
 
 
 4
 The plain language of the Sentencing Guidelines supports the district court's dual use of Barnes' prior conviction. "[T]o the extent that the language is clear and unambiguous, it must be followed except in the most extraordinary situation where the language leads to an absurd result contrary to clear legislative intent." Alessandroni, 982 F.2d at 420-21 (citing Demarest v. Manspeaker, 498 U.S. 184, 190-91 (1991)). In terms of Barnes' base offense level for his conviction of firearm offense, the court must assign a base offense level of 20 because Barnes "had one prior felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. 2K2.1(a)(4)(A). With regard to Barnes' criminal history, "[t]hree points are added for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. 4A1.1(a). In addition, the Application Notes to 2K2.1 clearly state that prior convictions resulting in an increased base offense level are also counted to determine criminal history points. U.S.S.G. 2K2.1, Application Note 15.[3]
 
 
 5
 Our recent opinion in Alessandroni is directly on point and Barnes' attempt to distinguish it is unavailing. In Alessandroni, we upheld a district court's dual use of a prior felony conviction as a predicate offense under 922(g)(1) and to increase the defendant's criminal history. Alessandroni, 982 F.2d at 420. We reasoned that the "status" of being a convicted felon constituted an element of 922(g)(1), rather than the "conduct" of committing the prior felony. Id. at 421. Therefore, nothing precluded the use of the prior sentence in determining the defendant's criminal sentence because the prior conviction did not constitute conduct that was part of the instant offense--namely, the violation of 922(g)(1). Id. at 421 (interpreting U.S.S.G. 4A1.2(a)(1)). Our identification of the distinct policy underpinnings to the Guidelines' offense level and criminal history scores buttressed the conclusion that the Guidelines' authorized the dual use of a prior conviction: "Whereas the offense level reflects the seriousness of the offense, the criminal history score reflects an assessment of the individual and the need to increase the sentence incrementally to deter the defendant from further criminal activity." Id. at 423.
 
 
 6
 Despite Barnes' protestations to the contrary, the district court rightly followed Alessandroni because the 1992 version of the Sentencing Guidelines, under which Barnes was sentenced, calculated the base offense level on the basis of Barnes' status as a convicted felon, not on the basis of earlier conduct. Moreover, given that the offense level calculation reflects the seriousness of the offense, and a defendant's status as a convicted felon informs that consideration, we reject Barnes' assertion that U.S.S.G. 2K2.1 arbitrarily enhances a defendant's sentence.
 
 
 7
 We therefore hold that the district court properly used Barnes' prior conviction both as a predicate felony offense under 18 U.S.C. 922(g)(1) and as a "prior sentence" for purposes of calculating his criminal history pursuant to 4A1.1(a). Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 18 U.S.C. 922(g)(1) provides:
 It shall be unlawful for any person[,] ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year[,] ... to ... possess in or affecting commerce, any firearm....
 3 U.S.S.G. 2K2.1, Application Note 15 provides, in pertinent part:
 Prior felony conviction[s] resulting in an increased base offense level under subsection ... (a)(4)(A) ... are also counted for purposes of determining criminal history points pursuant to Chapter Four Part A (Criminal History).