16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Lee ROYAL, Defendant-Appellant.
 No. 93-5482.
 United States Court of Appeals, Fourth Circuit.
 Dec. 16, 1993.
Jan. 13, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry C. Morgan, Jr., District Judge. (CR-92-70-NN)
 James S. Ellenson, Newport NEws, Virginia, for Appellant.
 Kenneth E. Melson, U.S. Atty., Arenda L. Wright Allen, Asst. U.S. Atty., Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Ricky Lee Royal appeals his conviction of being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1993), and the sentence he received. We affirm.
 
 
 2
 The firearm Royal illegally possessed belonged to a police officer who approached Royal while Royal was engaged in an apparent drug deal. A fight ensued during which the officer was injured. Over Royal's objection, the officer testified that, while he and Royal struggled on the ground, he heard someone in the crowd of bystanders yell, "Shoot the bastard." The district court correctly found that the statement was not hearsay, and was therefore admissible. Fed.R.Evid. 801(c). The statement was not offered for the truth of the matter asserted, but to explain the officer's unsuccessful efforts to unload his gun and keep it away from Royal. The rule does not prevent a witness from testifying about what he heard, when the significance of the statement heard is solely the fact that it was made. United States v. Cantu, 876 F.2d 1134, 1137 (5th Cir.1989).
 
 
 3
 After Royal's conviction, the probation officer recommended a base offense level of twenty-four under guideline section 2K2.1(a)(2),* which applies when a defendant has two prior felony convictions of a crime of violence or a controlled substance offense. Royal had four prior felony drug convictions and a robbery conviction. In the sentencing hearing, Royal unsuccessfully objected on double jeopardy grounds to the use of his prior convictions in determining both his offense level and his criminal history category. He renews this challenge on appeal, arguing that the guidelines permit dual consideration of prior offenses only where specifically provided.
 
 
 4
 We find no merit in Royal's contention. We have previously held that, where the guidelines do not expressly forbid double-counting, it is both intended by the Sentencing Commission and constitutionally permissible. United States v. Williams, 954 F.2d 204, 208 (4th Cir. 1992). We agree with those other circuits which have held that prior offenses may be considered both in determining the offense level under guideline section 2K2.1 and the criminal history category under section 4A1.1. See United States v. Allessandroni, 982 F.2d 419, 423 (10th Cir.1992); United States v. Blakney, 941 F.2d 114, 116-18 (2d Cir.1991); United States v. Wyckoff, 918 F.2d 925, 927 (11th Cir.1990).
 
 
 5
 We therefore affirm Royal's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)