UNITED STATES of America,

v.

Stephen T. LYNCH.

CRIMINAL NO. 3–00–CR–212–M.

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 26, 2001.

David Lee Jarvis, U.S. Attorney's Office, Fort Worth, TX, for plaintiff.

Michael Paul Gibson, Burleson Pate & Gibson, Dallas, TX, for defendant.

## *MEMORANDUM OPINION AND ORDER*

LYNN, District Judge.

Before the Court are Defendant Stephen T. Lynch's Motion for Severance Pursuant to Rule 14, Fed. R. Cr. P., and Defendant's Motion for Severance Pursuant to Rule 8(a), Fed. R. Cr. P. The Court finds the joinder of Count 36, filing of a false tax return, cannot, within the confines of either Fed. R. Cr. P. 8(a) or Fed. R. Cr. P. 14, be properly joined with the other forty-seven counts in the Indictment. To the extent the Defendant seeks to sever count 36, the Motions are thus **GRANTED.** Defendant's Motions are **DENIED** in all other respects.

### ISSUE AND BACKGROUND

The Defendant continued to have title ownership to the Park Creek Manor Apartments from May 11, 1990 to July 1996, when Beal Bank foreclosed on the original loan it had purchased from the Department of Housing and Urban Development ("HUD") and took possession and title to Park Creek Manor. The Defendant's alleged handling of affairs at Park Creek Manor, alleged embezzling of government HUD funds, and alleged fraudulent concealment of these funds, form the basis for most of the forty-eight count Fourth Superseding Indictment ("Indictment").

The Defendant alleges counts 36, 47, and 48 were improperly joined in the Indictment. According to the Defendant, count 36—the filing of a false tax return in violation of 26 U.S.C. § 7206(1), and counts 47 and 48—criminal forfeiture under 18 U.S.C. § 982(b)(1), have nothing to do with the Defendant's legal or fiduciary obli-

gations under the Deed of Trust for Park Creek Manor. The Defendant alleges counts 36, 47, and 48 deal with the use of proceeds from a private lawsuit brought by Southwestern Real Estate Services ("Southwestern"), the Defendant's corporation, against the City of Dallas for its alleged failure to provide urban rehabilitation funds, as contracted, to Park Creek Manor. HUD was not a party or an intervenor in the action. Southwestern recovered a settlement of $500,000.00 from the suit.[1] Contending that counts 36, 47, and 48 relate only to this independent lawsuit, the Defendant moves to sever all three counts pursuant to Fed. R. Cr. P. 8(a), and count 36 pursuant to Fed. R. Cr. P. 14. The Government opposes the Motions and disagrees with the Defendant's characterization of the counts. It argues the Defendant's fraudulent scheme and artifice to defraud the government interweave throughout counts 36, 47, and 48, and counts 47 and 48 in particular.

## ANALYSIS

The three counts, as stated in the Indictment, allege:

(Count 36) A false entry on the Defendant's 1995 individual 1040 tax return involving a portion of the $500,000.00 settlement;

(Count 47) Upon conviction of counts 37–42 of the Indictment (money laundering charges),

the Defendant shall forfeit to the United States any property traceable to such property, including but not limited to $54,791.54 in United States currency;

(Count 48) Upon conviction of counts 43–46 (money laundering charges), the Defendant shall forfeit to the United States any property traceable to such property, including, but not limited to:

- $46,000.00 in United States currency;

- The real property and improvements located at 15625 Preston Road, # 1033, Dallas, Texas, further described as Unit No. 1033, Building J, of Preston Del Norte Villas, a Condominium regime in the City of Dallas, Dallas County, Texas, according to the declaration thereof. . . .

- The real property and improvements located at 174 Scenic Drive, Mabank, Texas, and further described as part of the T.S. Mitchell survey. . . .

Indictment at 35.

Federal Rule of Criminal Procedure 8(a) provides that the Government may charge two or more offenses in the same indictment if the offenses are of the same or similar character or are based on the same act or transaction connected together or constituting parts of a common scheme or plan.[2] In contrast, Federal Rule of Criminal Procedure 14 gives the Court authority to order an election or separate trial of counts, grant a severance of defendants, or provide whatever relief justice requires to guard against prejudicial joinder of offenses or defendants.[3]

**1.** After $100,000.00 was paid in attorneys' fees, the Government alleges the balance of $400,000.00 "went into the Defendant[']s pockets." Thus, in the Government's Response to the Defendant's Motion to Sever, it refers to the $400,000.00 settlement proceeds, even though, in actuality, the settlement proceeds totaled $500,000.00.

**2.** Rule 8. Joinder of Offenses and of Defendants.

(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Cr. P. 8 (West 2001).

**3.** Rule 14. Relief from Prejudicial Joinder.

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the

## A. Counts 47 and 48 (Criminal Forfeiture) under Rule 8(a)

 Though the Defendant claims counts 47 and 48 (criminal forfeiture) deal solely with the use of proceeds from a private lawsuit brought by the Defendant's corporation against the City of Dallas, this is not entirely true.[4] Counts 47 and 48 are forfeiture counts which relate to particular money laundering charges previously alleged in the Indictment. Forfeiture count 47 specifically references money laundering counts 37–42 of the Indictment, counts related to the unlawful concealment and diversion of proceeds related to Park Creek Manor. Likewise, forfeiture count 48 specifically references money laundering counts 43–46 of the Indictment, counts related to the unlawful concealment and diversion of proceeds related to Park Creek Manor. Both concern allegations that the Defendant laundered certain rent receipts from Park Creek Manor.

Counts 47 and 48 relate to the alleged unlawful retention, diversion, and concealment of these rent receipts. The joinder of these two counts is thus proper. They are clearly similar in character and connected to the same act or transaction within the common scheme of alleged fraud and embezzlement on HUD through Park Creek Manor funds. The same or similar evidence will be used to prove the money laundering counts and their nexus to the property described in the criminal forfeiture counts.[5]

## B. Count 36 under Rules 8(a) and 14

The joinder of count 36, filing a false tax return under 26 U.S.C. § 7206(1), is suspect.[6] Essentially, the Government argues that after the Defendant took advantage of his fraudulent conduct to use Park Creek Manor rent receipts to pay his attorneys' fees for the private lawsuit against the City of Dallas, he then failed to report

---

defendant which the government intends to introduce in evidence at the trial.
Fed. R. Cr. P. 14 (West 2001).

**4.** 18 U.S.C. § 982(a)(1) provides:

(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 5313(a), 5316, or 5324 of title 31, or section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property. However, no property shall be seized or forfeited in the case of a violation of section 5313(a) of title 31 by a domestic financial institution examined by a Federal bank supervisory agency or a financial institution regulated by the Securities and Exchange Commission or a partner, director, or employee thereof.
18 U.S.C. § 982(a)(1) (West 2000).

**5.** *See United States v. Blakney*, 941 F.2d 114, 116 (2d Cir.1991) (while no one characteristic under Rule 8(a) is sufficient per se to establish proper joinder, when similar or same evidence will be used to prove each count, joinder is generally proper). *See also United States v. Emerson*, 128 F.3d 557, 560 (7th

Cir.1997) (ten counts of mail fraud, five counts of money laundering, and one count of criminal forfeiture were properly grouped together); *United States v. Reilly*, 875 F.Supp. 108, 120 (N.D.N.Y.1994) (joinder of prosecution for unlawful manufacturer of marijuana in proceeding for criminal forfeiture of property used to grow marijuana was proper where forfeiture was based on substantive drug offense for which the defendant was being prosecuted).

**6.** 26 U.S.C. § 7206(1) reads:

§ 7206. Fraud and false statements
Any person who—
(1) Declaration under penalties of perjury— Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; shall be guilty of a felony, and upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.
26 U.S.C. § 7206(1) (West 1989).

over $200,000.00 of these settlement proceeds as personal income on his individual income tax return for 1995.

While the Government is correct that this count is linked to the Defendant's alleged general disposition to fraudulently conceal property that should be divulged, count 36's relationship to the fraudulent counts in the rest of the Indictment is tenuous. Further, it may lead to jury confusion.[7] The Government attempts to simplify count 36:

The evidence relating to Count 36 is not complex but rather straight forward. It is undisputed that the defendant received $400,000 of the cash settlement following a settlement of a lawsuit with the City of Dallas. The $400,000 was deposited into a corporate account (Southwestern Real Estate Services). The defendant's accountants preparing the corporate tax return for Southwestern will testify that about $170,000 of this $400,000 was disclosed to the accountants but only after the accountants specifically asked the defendant about this $170,000. When the defendant responded to his accountants['] questions about the $170,000, he acknowledged that the $170,000 was from a lawsuit settlement. However, when the defendant disclosed to his accountants the source of this $170,000, he conveniently chose not to disclose to his own accountants that he received an additional $230,000 from the same law suit settlement. The defendant then used $190,352 of this undisclosed $230,000 to pay off the mortgages on his personal residence. When the defendant used $190,000 of Southwestern funds to pay off the mortgage on his personal resi-

dence, those funds clearly became personal income to the defendant. Under these facts, the tax prosecution is not complex and will not be too confusing for the jury to follow.

Gov't's Resp. at 7–8. The attempt fails to dispose of likely jury confusion. Further, as evidenced by the allegations related to count 36 in the Indictment, the relationship between the Defendant's alleged fraudulent embezzlement scheme against HUD is not closely connected to the alleged filing of a false tax return, as required by Rule 8:

23. It was further part of the scheme and artifice to defraud that during the 1994–95 time period, the defendant unlawfully and fraudulently diverted Park Creek project funds to pay attorneys['] fees in connection with a lawsuit. On November 28, 1990, Park Creek Manor, Ltd. (on behalf of Park Creek) filed a lawsuit against the City of Dallas. In late April of 1995, Southwest[ ] (the owner of Park Creek) received $500,000 as settlement proceeds from this lawsuit. In May of 1995, the defendant diverted and used at least $190,000 of these Southwestern corporate funds as personal income.

24. It was further part of the scheme and artifice to defraud that the defendant used diverted Park Creek project funds to finance this lawsuit and then never reimbursed Park Creek for these legal expenses. In effect, the defendant used Park Creek funds unlawfully and fraudulently diverted from HUD as "seed

---

7. Though confusion of the jury is a ground for severance under Fed. R. Cr. P. 14, the joinder of count 36 principally offends Fed. R. Cr. P. 8(a) rather than 14. As stated, Rule 8 ensures that connected counts are of similar character or transactions while Rule 14 guards against prejudice. However, the Court alternatively finds the joinder of count 36 should be severed under Rule 14 as confusing to the jury.

money" to finance the above-referenced law suit. This law suit ultimately resulted in a $500,000 cash settlement. After payment of $100,000 in attorneys['] fees, the balance of $400,000 went into the defendant's pockets.

25. It was further part of the scheme and artifice to defraud that the defendant sought to maximize his financial benefit from his fraudulent conduct by failing to report his receipt of at least $190,000 in lawsuit proceeds in May of 1995 on the defendant's individual tax return. Just as the defendant fraudulently concealed his diversion of Park Creek funds from HUD, the defendant also concealed substantial Park Creek income from the Internal Revenue Service (IRS). The defendant's concealment of these funds resulted in the filing of a false individual tax return covering the 1995 tax reporting period.

Indictment at 6–7. The alleged connection is weak. If the count simply related to the lawsuit and the Defendant's alleged use of Park Creek funds, commingled with HUD funds, to pay attorneys' fees, then there might be a nexus. This is not the alleged link before the Court. The joinder of count 36 adds an extra layer. It stretches the Indictment to include the alleged failure of the Defendant to report to the IRS, in 1995, some of the settlement proceeds recovered from the lawsuit funded from Park Creek funds. The tie to claims asserted in the rest of the Indictment is simply too remote.

*United States v. Diaz–Munoz*,[8] cited by the Defendant, is persuasive. There, tax counts, for filing false tax returns, were joined with embezzlement and insurance fraud counts. The district court accepted the Government's representation that proof at trial would show a series of transactions, beginning with fraud and ending with income not being reported to the IRS. The Fifth Circuit disagreed. It found the tax counts were not based on similar acts properly connecting them to the other schemes alleged in the indictment. As in *Diaz–Munoz*, the tax counts here are insufficiently linked to the bank and mail fraud and embezzlement schemes against HUD.[9]

█ The Government also claims that the Defendant is "sending mixed signals and taking clearly inconsistent positions on this issue." Gov't's Resp. at 9. The Defendant's "Waiver of Venue" serves as the basis for this allegation. On October 6, 2000, the Defendant agreed that the false tax return offense, based on his 1995 individual 1040 tax return, could be brought and prosecuted only in the Northern District of Texas, even though the return was prepared, signed, and mailed in Plano Texas, in the Eastern District of Texas. The Government argues that the Defendant agreed to waive venue on count 36 knowing that the Government intended to include count 36 in the same indictment with the fraud-related counts. The Government has provided, and research has revealed, no cases holding that a waiver of venue likewise waives a Defendant's right to seek severance of alleged prejudicial or misjoined claims.

## CONCLUSION

Counts 47 and 48 directly relate to and specifically reference other counts in the Indictment. To the extent the Defendant

---

**8.** 632 F.2d 1330, 1335 (5th Cir.1980).

**9.** The Government correctly points out that the other Rule 14 case relied on by the Defen-

dant, *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir.1986), is inapplicable. It relates to the prejudicial joinder of *defendants* in a complex RICO conspiracy.

seeks to sever these counts, his Motions are **DENIED**. The Court further finds that count 36, the filing of a false tax return, is not of a similar character or linked through a connecting transaction to the other counts raised in the Indictment. The Defendant's Motions to sever count 36 are thus **GRANTED**.

**SO ORDERED.**