# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3821

_____

United States of America,         *

                           *

         Appellee,        *

                           *   Appeal from the United States

     v.                     *   District Court for the

                           *   Western District of Missouri.

Aaron E. Stanley,           *

                           *      [UNPUBLISHED]

         Appellant.       *

_____

Submitted: November 14, 2005
Filed: November 16, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Aaron Stanley appeals the 37-month prison sentence the district court[1] imposed after he pleaded guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Stanley's counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence is "too severe." In a pro se supplemental brief, Stanley argues that he has received ineffective assistance of counsel, that the district court relied on an impermissible

_____

[1]The Honorable Nanette K. Laughery, United States District Judge for the Western District of Missouri.

factor--his past criminal behavior--in determining his sentence, and that he should have been granted downward departures under U.S.S.G. §§ 5K2.11 and 4A1.3(b)(1).

These arguments fail. Construing the Anders brief argument as an Eighth Amendment challenge, Stanley's sentence does not violate the Eighth Amendment. See United States v. Farmer, 73 F.3d 836, 840 (8th Cir.) (only in very narrow circumstances has punishment within statutory limits been held to violate Eighth Amendment; holding that life in prison without parole under "three-strikes" law does not violate Eighth Amendment), cert. denied, 518 U.S. 1028 (1996). The district court's denial of a downward departure under the Guidelines is unreviewable. See United States v. Frokjer, 415 F.3d 865, 874 (8th Cir. 2005) (district court's denial of downward departure is essentially unreviewable unless court had unconstitutional motive or erroneously believed it lacked authority to depart). Stanley's ineffective-assistance claim should be raised in 28 U.S.C. § 2255 proceedings. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Finally, there was nothing improper about the court relying on Stanley's prior criminal behavior when sentencing him. See United States v. Blakney, 941 F.2d 114, 118 (2d Cir. 1991) (defendant's criminal history category focuses on deeds and experiences of particular defendant, and is generally intended to aid analysis of what sentence will best serve four general purposes of sentencing identified in Guidelines--deterrence, incapacitation, just punishment, and rehabilitation).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____