**UNITED STATES of America,**
**Appellee,**

v.

**Mohammed KHALIL, Defendant–**
**Appellant.**

No. 05–4426–cr.

United States Court of Appeals,
Second Circuit.

Dec. 14, 2006.

Steven M. Statsinger, Federal Defenders of New York, Inc., New York City, for Appellant.

Roger Burlingame, Assistant United States Attorney (Emily Berger, Jack Smith, Assistant United States Attoneys, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE and Hon. REENA RAGGI, Circuit Judges, and Hon. RICHARD M. BERMAN,[1] Judge.

1. The Honorable Richard M. Berman of the United States District Court, Southern Dis-

**34**

## SUMMARY ORDER

Mohammed Khalil appeals from a judgment of conviction entered after a jury trial at which he was found guilty of various crimes relating to the April 1999 abduction and assault of Reynaldo Pena (the "1999 abduction") and the May 2001 abduction and death of Magdy El Sayed (the "2001 abduction").[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. Joinder and Severance

■ Khalil argues that the crimes charged in connection with the 1999 and 2001 abductions were insufficiently similar to permit counts relating to each to be tried together. We review this claim *de novo*, *see United States v. Tubol*, 191 F.3d 88, 94 (2d Cir.1999), and we reject the argument on its merits.

Counts may be joined where they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). As the trial record demonstrates, Khalil admitted that he routinely collected debts through the use and threatened use of force. *See* Trial Tr. at 353. The crimes charged in connection with the 1999 and 2001 abductions were clearly committed pursuant to this common scheme: in the former incident, Khalil sought to collect a debt owed to himself (and possibly to his girlfriend) by a livery cab driver; in the latter incident, Khalil sought to collect a debt owed to an individual by a business partner. Moreover, the means Khalil employed to effect the charged crimes were similar in many respects. In both 1999 and 2001, (1) Khalil used a quartet of large males to support his intimidation; (2) he actually abducted the extortion victim; (3) he used an automobile to effect the abduction; (4) he threatened the victim with death to support his extortion demands; and (5) he and his henchmen reinforced these threats by using actual force and violence against the victim—in El Sayed's case, resulting in his death. Khalil's efforts to note differences in the two abductions are unconvincing. Joinder requires a "logical connection" among the crimes, *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir.1990); it does not require precise identity, *see United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980).

■ Alternatively, Khalil submits that the district court erred in denying his motion to sever counts relating to the 1999 abduction from those relating to the 2001 abduction. *See* Fed.R.Crim.P. 14. We review this claim only for abuse of discretion, *see United States v. Sampson*, 385 F.3d 183, 190 (2d Cir.2004); *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir.1991), and we will not reverse the district court's decision denying severance absent a showing of "substantial prejudice" to the defense. *United States v. Sampson*, 385

---

trict of New York, sitting by designation.

**2.** With respect to the 1999 abduction, Khalil was convicted of conspiracy to commit extortion and attempt to commit extortion, in violation of 18 U.S.C. § 1951(a); and the use and carrying of a firearm in furtherance of a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). With respect to the 2001 abduction, Khalil was convicted of conspiracy to kidnap and kidnaping, in violation of 18 U.S.C. § 1203(a); conspiracy to kidnap and kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1); conspiracy to commit extortion and extortion, in violation of 18 U.S.C. § 1951(a); and tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3). Khalil was also convicted of impersonation of a federal officer in violation of 18 U.S.C. § 912.

F.3d at 194; *see United States v. Lane,* 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986); *United States v. Werner,* 620 F.2d at 928.

Khalil cannot demonstrate substantial prejudice because the evidence relating to each abduction, although demonstrating similar means, was easily compartmentalized and, therefore, could be examined separately without juror confusion or conflation. *See Herring v. Meachum,* 11 F.3d 374, 378 (2d Cir.1993); *United States v. Werner,* 620 F.2d at 929. Moreover, the evidence supporting the charges relating to each abduction was overwhelming. *See United States v. Sampson,* 385 F.3d at 190 (affirming convictions despite misjoinder where proof of guilt was overwhelming). Indeed, precisely for this reason, even if there had been any joinder error in this case, we would conclude that it was necessarily harmless. *See United States v. Ruiz,* 894 F.2d 501, 505 (2d Cir.1990) ("[A] Rule 8 motion to sever requires a twofold inquiry: whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant. Reversal is warranted only if the defendant prevails on both prongs."); *see also United States v. Tubol,* 191 F.3d 88, 97 (2d Cir.1999) (" 'The strength of the government's case against the defendant is probably the most critical factor in determining whether an error affected the verdict.' " (quoting *United States v. Colombo,* 909 F.2d 711, 714 (2d Cir.1990))).

Accordingly, he fails to demonstrate either a joinder or severance error warranting reversal.

### 2. *Interstate Commerce*

■ Khalil submits that the evidence was insufficient to prove the requisite interstate commerce nexus for the extortion charges (and related gun use charge) stemming from the 1999 abduction. We review a sufficiency challenge *de novo,* and we will " 'affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt.' " *United States v. Madori,* 419 F.3d 159, 166 (2d Cir.2005) (quoting *United States v. Geibel,* 369 F.3d 682, 689 (2d Cir.2004)).

The law requires only a showing of "minimal" effect on interstate commerce to support an extortion conviction under 18 U.S.C. § 1951(a). *United States v. Jones,* 30 F.3d 276, 285 (2d Cir.1994). A minimal effect need not be actual, immediate, or direct; rather, the government carries its burden if it demonstrates even a potential, postponed, or indirect effect on interstate commerce. *See United States v. Shareef,* 190 F.3d 71, 75 (2d Cir.1999); *United States v. Jones,* 30 F.3d at 284–85. Khalil argues that *United States v. Perrotta,* 313 F.3d 33 (2d Cir.2002), demands a stronger nexus when the extortion victim is an individual rather than a business. In fact, *Perrotta* holds only that "the government must show something more than the victim's employment at a company engaged in interstate commerce" to support a § 1951(a) conviction. *See* 313 F.3d at 36. In this case, the government showed that the victim was self-employed as a livery cab driver, that he was targeted for extortion because of a debt incurred to further his employment, and that his fares came through a service that routinely transmitted to drivers requests for transportation throughout the tri-state metropolitan area. From these circumstances, a jury could reasonably conclude that the victim's own business had or would likely provide services in interstate commerce, which ability would be compromised by the charged extortion. This suffices to demonstrate the requisite minimal potential effect. *See*

*generally United States v. Silverio,* 335 F.3d 183, 186–87 (2d Cir.2003).

The district court's August 11, 2005 judgment of conviction is hereby AFFIRMED.