**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 23, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SANTIAGO HERNANDEZ-JUAREZ,
also known as Alejandro Moreno-
Morales,

     Defendant-Appellant.

No. 05-2251
(D. N.M.)
(D.Ct. No. CR-05-489 JH)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Santiago Hernandez-Juarez pled guilty to illegal reentry into the United States of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). He now appeals his forty-six-month sentence, contending his sentence is unreasonable under 18 U.S.C. § 3553 and the criteria announced in *United States v. Booker*, 543 U.S. 220 (2005), due to mitigation evidence he presented. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Hernandez-Juarez's conviction and sentence.

On December 13, 2004, Mr. Hernandez-Juarez was arrested for illegally entering the United States after deportation to Mexico. Following his guilty plea to reentry of a deported alien previously convicted of an aggravated felony, a probation officer prepared a presentence report, calculating his base offense level at eight, under U. S. Sentencing Guidelines Manual (USSG) § 2L1.2(a). The probation officer also applied a sixteen-level upward adjustment, based on Mr. Hernandez-Juarez's prior South Carolina convictions for robbery and involuntary manslaughter, both arising from the same incident, which the probation officer categorized as "crimes of violence" pursuant to USSG § 2L1.2(b)(1)(A). After applying a two-level downward adjustment for acceptance of responsibility and factoring in Mr. Hernandez-Juarez's criminal history at Category III, the probation officer calculated Mr. Hernandez-Juarez's sentencing range at forty-six

to fifty-seven months imprisonment.

Relying on the Supreme Court's decision in *Booker* and the criteria in 18 U.S.C. § 3553(a), Mr. Hernandez-Juarez objected to the presentence report for the purpose of seeking a reduction of his sentence below the sentencing guideline range. While Mr. Hernandez-Juarez did not contest the categorization of his prior offenses as "crimes of violence," he claimed a reduction was warranted based on the mitigating circumstances surrounding: 1) those prior offenses; 2) his difficult childhood; and 3) his inability to financially support himself and his family in an impoverished region of Mexico. With respect to his prior convictions, he claimed he played an "extremely minor role" in the South Carolina robbery, given he was drunk and remained in the vehicle while his counterparts entered a home to rob its occupants and tied up and left a man who later died of a heart attack. He also provided a copy of his confession to those prior offenses, suggesting it was not knowing or voluntary, as evidenced by the facts: 1) it was barely legible; 2) the police told him he could get the death penalty if he did not confess; and 3) his attorney and the judge strongly urged him to accept a plea bargain mid-trial. In addition, he argued his short sentences for those offenses (i.e., five years for involuntary manslaughter and seven years for robbery, which ran concurrently) corroborated his contention he was a minor participant.

As further grounds for mitigation of his sentence, Mr. Hernandez-Juarez asserted he grew up in an economically impoverished area of southern Mexico subject to government oppression and rebel activity; was raised by relatives, one of whom beat him; and attended school only through the second grade, leaving him functionally illiterate. He also suggested he unsuccessfully attempted to work in another part of Mexico and only reentered the United States for the sole purpose of earning sufficient sums to support his family and pay for his return to southern Mexico. Mr. Hernandez-Juarez also claimed he was "shocked and horrified to learn how seriously the United States punishes illegal reentry offenses."

At the sentencing hearing, Mr. Hernandez-Juarez's counsel explicitly stated Mr. Hernandez-Juarez did not object to the presentence report or addendum but continued to request a sentence reduction below the sentencing guideline range on the same grounds. In support of the requested reduction, Mr. Hernandez-Juarez spoke on his own behalf and described some of the dire circumstances of his childhood and his inability to financially support his family.

The district court considered the sentencing factors in 18 U.S.C. § 3553, the applicable sentencing guidelines, the facts of the case, and Mr. Hernandez-Juarez's criminal history and concluded the sentencing guideline range of forty-

six to fifty-seven months was reasonable, given Mr. Hernandez-Juarez illegally reentered the United States after previously being deported for "crimes of violence" involving manslaughter and robbery. The district court then sentenced Mr. Hernandez-Juarez at the low end of the sentencing range at forty-six months and recommended the government begin removal proceedings during service of his sentence.

On appeal, Mr. Hernandez-Juarez continues to argue his sentence is unreasonable under § 3553 and the advisory criteria announced in *Booker* because of the mitigation evidence he presented. For the first time on appeal, Mr. Hernandez-Juarez also claims: 1) the probation officer improperly double-counted his prior offenses by using them to both calculate his criminal history and apply the sixteen-level enhancement; and 2) § 2L1.2 is "too draconian" and provides a term of sentence "greater than necessary" because it provides for a sixteen-level enhancement for his prior felony convictions, which were also used to calculate his criminal history.

In considering Mr. Hernandez-Juarez's arguments, it is clear the applicable sentencing guidelines assess the base offense level for unlawfully entering or remaining in the United States at eight and recommend a sixteen-level increase for a prior "crime of violence." *See* USSG § 2L1.2(a) and (b)(1)(A)(ii). The

application note to § 2L1.2 defines a "crime of violence" in illegal reentry cases and specifically enumerates robbery and manslaughter as crimes of violence. *See* cmt. n.1(B)(iii). While we recognize the Sentencing Guidelines are now advisory rather than mandatory under the principles announced in *Booker*, they continue to be a factor the district court must consider in imposing a sentence. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). We have also determined *Booker* "indicates that trial courts must accord deference to the Guidelines ...." *See United States v. Crockett*, 435 F.3d 1305, 1318 (10th Cir. 2006).

In this case, Mr. Hernandez-Juarez does not contest the characterization of his prior offenses as "crimes of violence" under the applicable guidelines, but nevertheless seeks a reduction of his sentence based on his argument his confession and guilty plea were involuntary and unknowing. In essence, Mr. Hernandez-Juarez is collaterally attacking his state convictions. However, a defendant may not collaterally attack a state conviction used to enhance his federal sentence or used in calculating his criminal history, except in cases of complete denial of legal counsel. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1167-68 (10th Cir. 2005); *United States v. Simpson*, 94 F.3d 1373, 1381 (10th Cir. 1996); *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994). In this case, it appears Mr. Hernandez-Juarez had representation of counsel at the

time of his prior offenses and, therefore, we reject his attempt to collaterally attack his convictions.

With respect to Mr. Hernandez-Juarez's argument his sentence is unreasonable because of the mitigation evidence offered, we first note that a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated sentencing guideline range. *See Kristl*, 437 F.3d at 1053-54. A defendant may rebut the presumption attached to a sentence within the guideline range by demonstrating the sentence is unreasonable when viewed against the factors delineated in 18 U.S.C. § 3553, *id.* at 1053, which include consideration of whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C).

In this case, after considering the sentencing factors in 18 U.S.C. § 3553, the applicable sentencing guidelines, the facts of the case, and Mr. Hernandez-Juarez's criminal history, the district court refused to depart downward and concluded the sentencing guideline range of forty-six to fifty-seven months was reasonable under the circumstances. We agree, given Mr. Hernandez-Juarez entered the country illegally and pled guilty to prior offenses of robbery and

involuntary manslaughter, all of which are serious or violent crimes. His suggestion his sentence is too stringent for the crime of reentry is simply a generalized attack on the offense of reentry and does not constitute a sufficient basis for lenience in this case. Nor has Mr. Hernandez-Juarez shown why he should be treated differently than others who, like him, illegally reentered the country after deportation, and we find his claim of ignorance of the law concerning the penalties for reentering the country unavailing. "[N]othing more than a showing of general intent" that Mr. Hernandez-Juarez willfully and knowingly reentered the country is required, so it is irrelevant whether he willfully and knowingly engaged in criminal behavior or did not understand the consequences of his actions. *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1165 (10th Cir. 1999).

As to Mr. Hernandez-Juarez's claim he was a minor participant in his prior offenses, warranting a sentence reduction, it is clear he pled guilty to robbery and involuntary manslaughter, regardless of the circumstances he now suggests surrounded his involvement. Both of those offenses are specifically enumerated as crimes of violence for the purpose of a sentence enhancement, and he does not contest their characterization as violent crimes. Even if he had contested the characterization of his prior offenses, we follow a categorical approach and look only at undisputed information, rather than engage in a fact-finding inquiry on a

prior offense previously adjudicated. *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1385 (2006). In this case, other than his mere assertions, Mr. Hernandez-Juarez has not directed us to anything in the record, including any undisputed information or documentation, to support his position he was a minor participant in the South Carolina offenses to which he pled guilty. Under these circumstances, it was not unreasonable for the district court to apply a sixteen-level enhancement for Mr. Hernandez-Juarez's prior offenses.

Similarly, the district court's sentence was reasonable, despite Mr. Hernandez-Juarez's arguments he only returned to the United States due to his financial situation and family obligations. Mr. Hernandez-Juarez has not shown why either his financial circumstances or his family responsibilities present an extraordinary case for the purpose of establishing his sentence is unreasonable. Similarly, we do not believe Mr. Hernandez-Juarez's sentence is unreasonable based on his alleged difficult childhood. Conceivably, many similarly-situated defendants could argue they, too, experienced difficult childhoods as a means to mitigate the consequences associated with reentry into this country after committing a violent crime. Under the circumstances presented, it was not unreasonable for the district court to determine that a sentence imposed at the bottom of the applicable guideline range sufficiently reflected the factors or

considerations in § 3553, and Mr. Hernandez-Juarez has not otherwise demonstrated his sentence is unreasonable when viewed against these factors.

Finally, we must reject Mr. Hernandez-Juarez's double-counting argument. To begin, we have long declined to rule on issues not raised in the district court when, as here, the defendant cannot show an impediment that precluded his raising the issue or that the ground not raised constituted plain error resulting in manifest injustice. *See United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir. 1988). Even if we considered the issue, in this case, the application note to § 2L1.2 of the Sentencing Guidelines expressly states "[a] conviction taken into account under subsection (b)(1) [which includes a crime of violence] is not excluded from consideration of whether that conviction receives criminal history points ...." *See* cmt. n.6. We have generally upheld the use of prior convictions to calculate both criminal history categories and sentence enhancements where, like here, the guidelines permit such application, and Mr. Hernandez-Juarez's argument is less than persuasive for the purpose of questioning our clear and long-held precedent. *See United States v. Alessandroni*, 982 F.2d 419, 421 (10th Cir. 1992); *United States v. Florentino*, 922 F.2d 1443, 1447-48 (10th Cir. 1990). Moreover, while this circuit has not directly considered whether § 2L1.2 allows double-counting, another circuit has addressed Mr. Hernandez-Juarez's argument straight on and rejected it on grounds the application note to § 2L1.2 expressly

allows a sixteen-level enhancement "in *addition* to any criminal history points added for such conviction." *See United States v. Torres-Echavarria*, 129 F.3d 692, 698-99 (2d Cir. 1997). Under these circumstances, it was not unreasonable for the district court to defer to § 2L1.2 and follow the same approach in using Mr. Hernandez-Juarez's prior offenses to calculate his criminal history and to further enhance his offense level because those same prior offenses were crimes of violence. Finally, Mr. Hernandez-Juarez's rather summary argument that § 2L1.2 is "too draconian" and provides for a term of sentence "greater than necessary" is essentially a facial challenge to the validity of the sixteen-level enhancement, which we have applied on numerous occasions to criminal sentences. We find Mr Hernandez-Juarez's summary argument, raised for the first time on appeal, unpersuasive in overcoming the presumption his sentence is reasonable or in otherwise establishing that the guideline is invalid.

For these reasons, we **AFFIRM** Mr. Hernandez-Juarez's conviction and sentence.

                                      **Entered by the Court:**

                                      **WADE BRORBY**
                                      United States Circuit Judge