**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN ERNESTO MURRIEGA-
SANTOS,

      Defendant-Appellant.

No. 05-3435
(D.C. No. 05-CR-20049-CM)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Juan Ernesto Murriega-Santos appeals his sentence of 30 months imprisonment pursuant to his plea of guilty to illegal reentry by a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We affirm.

In 1996, Mr. Murriega-Santos was convicted of burglary in Arizona. He

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was deported to his native country, El Salvador, after completing his sentence for that crime.  In 1998, he was apprehended in the United States and charged with illegal reentry after deportation for an aggravated felony.  He was convicted and sentenced to 64 months imprisonment.  In 2003, following his imprisonment, he was again deported to El Salvador.  On April 6, 2005, Mr. Murriega-Santos was apprehended in Kansas City, Kansas, and indicted for the instant offense.  He pled guilty without the benefit of a plea agreement.  His pre-sentence report (PSR) calculated his total offense level as 14 and his criminal history category at V, resulting in a guideline range of 33 to 41 months.

At sentencing, Mr. Murriega-Santos made the following arguments for reducing his offense level and thereby his overall sentence: 1) entitlement to a sentence in parity with other defendants sentenced in fast track districts; 2) the 8-level increase in offense level is unreasonable; 3) entitlement to an additional 1-level decrease for acceptance of responsibility; and 4) reduction in offense level because he re-entered the United States for safety rather than for economic reasons.

At the sentencing hearing, the district court heard argument from the parties and stated it had reviewed and considered all the evidence presented by both sides.  The court accepted Mr. Murriega-Santos' second argument, finding that had the government moved for an additional level for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Mr. Murriega-Santos' offense level

would have been a 13.[1]  An offense level of 13 combined with a criminal history category of V, resulted in a sentencing range of 30 to 37 months.  The court reasoned that but for the local United States Attorney's office policy that without a plea agreement a defendant is only entitled to a 2-level reduction for acceptance of responsibility, Mr. Murriega-Santos would have been entitled to a 3-level reduction.  The court rejected Mr. Murriega-Santos' other contentions and sentenced him to 30 months, finding the sentence was "sufficient but not greater than necessary to comply with the provisions of 18 U.S.C. [§] 3553(A)(2)."  Rec., vol. III at 4.

On appeal, Mr. Murriega-Santos asks us to reconsider only the district court's rejection of his argument that the 8-level increase was unreasonable.  Specifically, he characterizes the issue as, "whether the eight level enhancement automatically applied to Mr. Murriega-Santos' offense level for his prior felony under U.S.S.G. § 2L1.2(b)(1)(C) is inherently unreasonable where that prior felony has already been counted to increase his sentence in four separate ways."  Aplt. Br. at 2.

A sentence properly calculated within the advisory sentencing guidelines is entitled to a presumption of reasonableness. *United States v. Kristl*, 437 F.3d

---

[1]The government did not appeal the district court's decision granting an additional one-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).  We therefore do not consider whether the district court acted properly in the absence of a § 3E1.1(b) motion.

1050, 1054 (10th Cir. 2006).  The defendant is required to show that the sentence is unreasonable when viewed against the factors in § 3553(a).  *Id.*  On appeal, to determine whether the sentence is reasonable we first examine whether the guidelines were properly applied.  *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1129 (10th Cir. 2006).  The district court's sentence is reviewed *de novo* and the factual findings for clear error.  *Id.*  If the district court's application of the guidelines was correct or any errors harmless, then we decide whether the sentence was reasonable.  *Id*. at 1129-30.  "The defendant or the government may rebut the presumption [of reasonableness] by showing the sentence is nonetheless unreasonable in light of the factors contained in 18 U.S.C. § 3553(a)."  *United States v. Galarza-Payan*, 441 F.3d 885, 889 (10th Cir. 2006).

We disagree with Mr. Murriega-Santos' contention that the increase levels in § 2L1.2(b)(1)(C) are arbitrary and therefore unreasonable.  Section 2L1.2(b)(1)(C) provides for a range of increases—from 4 to 16—for different types of convictions.  Mr. Murriega-Santos received an 8-level increase for previous aggravated felonies, including a prior conviction for illegal reentry after deportation for an aggravated felony, burglary, and possession of narcotic drugs. It is not our province to second guess the Sentencing Commission's determination that these levels are appropriate for purposes of setting sentencing guideline ranges.

The district court acknowledged the Sentencing Commission's

contemplation of the various types of convictions in determining corresponding offense levels and chose not to depart downward based on its knowledge that Mr. Murriega-Santos had previously been convicted not only of burglary and possession of narcotic drugs, but also of the exact same crime for which he was being sentenced. The district court considered the seriousness of Mr. Murriega-Santos' underlying offenses when determining that the 8-level increase was appropriate, while also giving consideration to the guidelines as it must. *See Kristl*, 437 F.3d at 1053.

Next we address Mr. Murriega-Santos' argument regarding what he considers a substantial overlap in the counting of his prior convictions. He contends the guidelines unreasonably allow for both his criminal history category and his offense level to be influenced by the same aggravated felony convictions. However, the application note to § 2L1.2 expressly states, "[a] conviction taken into account under subsection (b)(1) [which includes an aggravated felony] is not excluded from consideration of whether that conviction receives criminal history points . . . ." U.S.S. G. § 2L1.2 cmt. n. 6. This circuit has upheld the use of prior convictions to calculate both criminal history categories and sentence enhancements where, like here, the guidelines permit such application. *See United States v. Alessandroni*, 982 F.2d 419, 421 (10th Cir. 1992); *United States v. Florentino*, 922 F.2d 1443, 1446 (10th Cir. 1990). *See also United States v. Torres-Echavarria*, 129 F.3d 692, 698-99 (2d Cir. 1997) (rejecting double-

counting argument as to § 2L1.2 because guidelines expressly permit such calculation). It was not unreasonable for the district court to defer to the guidelines.

In sentencing Mr. Murriega-Santos at the bottom of an already-reduced guideline range, the district court took into account not only the guidelines but also the factors set forth in § 3553. The district court also remarked that "[t]he defendant has refused to comply with the law, the court's directives set forth. [The] court hopes the sentence will hopefully serve as a deterrent to future criminal behavior." Rec. vol. III, tab 33 at 32. Mr. Murriega-Santos has failed to show the district court's sentence of 30 months was unreasonable.

For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge