**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEONIDES ACOSTA-QUINONES,
a/k/a Mario Aguirre-Gonzales,

      Defendant-Appellant.

No. 06-8050
(D.C. No. 06-CR-5-ABJ)
(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Leonides Acosta-Quinones pled guilty to illegally re-entering the United

States after a previous deportation. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). He was

sentenced to 87 months of imprisonment, followed by three years of supervised

release, and ordered to pay a $100 special assessment. On appeal, Mr. Acosta-

Quinones's counsel filed an *Anders* brief and moved to withdraw as counsel. *See*

---

[*]After examining defense counsel's brief and the appellate record, this
panel has determined unanimously that oral argument would not materially assist
the determination of this appeal. *See* Fed R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered and submitted without oral argument.
This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders v. California*, 386 U.S. 738 (1967). Mr. Acosta-Quinones filed a response to his counsel's *Anders* brief urging reversal of his sentence on the ground that the district court unreasonably refused to grant him a downward departure in light of the factors contained in 18 U.S.C. § 3553(a). The government declined to file a response. For the reasons set forth below, we conclude that there are no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

＊　＊　＊

Mr. Acosta-Quinones was indicted for illegally entering the United States, and illegally re-entering after previously being deported, in violation of 8 U.S.C. §§ 1325(a) and 1326(a)(1)-(2), (b)(2). Mr. Acosta-Quinones initially pled not guilty but subsequently rescinded that plea and entered into an agreement with the government. Pursuant to his agreement, Mr. Acosta-Quinones agreed to plead guilty to the illegal re-entry charge under Section 1326 in exchange for dismissal of the illegal entry charge under Section 1325. At the hearing on his plea agreement, Mr. Acosta-Quinones admitted that he (1) was a citizen of Mexico; (2) entered the country illegally on January 3, 2006; (3) was residing illegally in Wyoming at the time of his arrest on January 8, 2006; and (4) was previously deported in 2004. Presentence Report ("PSR") at 5-7; Transcript of Change of Plea Hearing held on April 10, 2006 ("Tr. Plea Hearing") at 15-18.

Although only 31 years old, Mr. Acosta-Quinones has amassed a lengthy criminal record, accumulating at least 8 criminal convictions since turning 18. Among these are convictions of first degree burglary of a dwelling, attempted possession of a controlled substance, and alien in possession of a firearm. PSR at 5-7; Transcript of Sentencing Hearing held on June 19, 2006 ("Tr. Sentencing Hearing") at 5-7.

The United States Sentencing Guidelines (the "Guidelines") suggest terms of imprisonment based upon a combination of (1) the nature of the offense committed by the defendant, the "offense level," and (2) the defendant's criminal history, the "criminal history category." *See* U.S.S.G. § 1A1.1. Consonant with the Guidelines, courts typically first "assess the applicable offense level" and later "assess the applicable criminal history category." *United States v. Alessandroni*, 982 F.2d 419, 421 (10th Cir. 1992); *see also* U.S.S.G. § 1B1.1.

The base offense level for illegal re-entry into the United States was 8 at the time of Mr. Acosta-Quinones's sentencing. *See* U.S.S.G. § 2L1.2 (Nov. 2005). However, Section 2L1.2 provided for a 16-level enhancement to this offense level for cases in which the defendant was deported after receiving a felony conviction for a crime of violence. *Id.* In this case, Mr. Actosta-Quinones's conviction of first degree burglary, a crime of violence, and his two subsequent deportations since that conviction, made him eligible for the 16-level enhancement. PSR 6-7. The Guidelines also provided a downward departure of

three levels because he pled guilty to this illegal re-entry. *See* U.S.S.G. § 1B1.1(e). Thus, Mr. Acosta-Quinones's resulting offense level was 21.

In calculating Mr. Acosta-Quinones's criminal history category, the Guidelines indicated a starting point of nine criminal points based on his criminal history, an enhancement of two points due to his illegal re-entry while on a term of supervised release, and an enhancement of one point because the defendant committed a crime (the illegal re-entry) within two years of release from imprisonment. *See* U.S.S.G. § 4A1.1(d), (e). Mr. Acosta-Quinones thus scored a total of 12 criminal history points which placed him in criminal history category V. *See* PSR at 7.

Based on the combination of Mr. Acosta-Quinones's criminal history category and offense level, the Guidelines suggested imprisonment of 70 to 87 months. *See* PSR at 10. The district court sentenced him at the high end of this range, to 87 months of imprisonment.

∗   ∗   ∗

Counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then

- 4 -

conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel notes that the only possible bases for appeal would be that (1) the plea agreement is invalid; (2) the use of Mr. Acosta-Quinones's criminal record to calculate his criminal history category *and* to enhance his sentence under the Guidelines was improper "double counting"; (3) the district court founds facts which enhanced his sentence in violation of *United States v. Booker*, 543 U.S. 220 (2005); and (4) the district court committed error in denying his request for a downward departure of his sentence by failing to consider adequately the 18 U.S.C. § 3553(a) statutory factors. Our review confirms counsel's conclusion that no basis in law or fact exists for any of these arguments.

Our precedent provides that for a guilty plea to be valid, it must be knowingly, intelligently, and voluntarily made. *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. Mr. Acosta-Quinones cannot read and write in English but can do so in Spanish. Tr. Plea Hearing at 4. The plea agreed to by Mr. Acosta-Quinones was translated into Spanish and both a Spanish and English version were filed with the district court. *Id.* at 3. At the hearing, the district court fulfilled the requirements of Rule 11 and those

announced in *Gigot* to ensure the validity of the plea. *See id.* at 5-9 (in open court, the district judge personally questioned the defendant and confirmed that the defendant fully understood the charges against him, the consequences of the plea, and ensured that the plea was voluntary and made of his own free will). Thus, any challenge to the plea's validity would be frivolous.

Mr. Acosta-Quinones did not argue below that use of his prior criminal history to calculate his criminal history category and enhance his offense level was improper double counting; thus, our review on this issue can only be for plain error. *See United States v. Burbage*, 365 F.3d 1174, 1180 (10th Cir. 2004). In any event, such an argument is wholly without merit. The Guidelines expressly state in commentary to Section 2L1.2 that, in computing a defendant's criminal history category, a "conviction taken into account [in calculating an offense level enhancement] is not excluded from consideration of whether that conviction receives criminal history points." U.S.S.G. § 2L1.2 cmt. 6. We have, moreover, routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it. *See Alessandroni*, 982 F.2d at 421; *United States v. Florentino*, 922 F.2d 1443, 1447-48 (10th Cir. 1990); *see also United States v. Murriega-Santos*, 2006 WL 3291683 at *2 (10th Cir. 2006) (unpub.) (holding that double counting under Section 2L1.2 is permissible); *United States v. Hernandez-Juarez*, 185 Fed. Appx. 758, 762-63 (10th Cir. 2006) (unpub.) (same).

We also agree with counsel that a challenge to defendant's sentence based on the Supreme Court's decision in *Booker* would be frivolous.  The district court may not impose a sentence above the statutory maximum unless the jury found the facts that increase the penalty beyond a reasonable doubt, the defendant admitted such facts, or the fact is a prior conviction.  *Booker*, 543 U.S. at 244.  Our review of a defendant's sentence post-*Booker* follows the two-step analytical framework enunciated in *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).  The first step requires us to determine whether the district court correctly calculated the relevant advisory Guidelines range.  *Id.*  In this case, Mr. Acosta-Quinones pled guilty and admitted all facts necessary to convict under the statute.  *See* 8 U.S.C. § 1326.  The judge sentenced Mr. Acosta-Quinones to 87 months of incarceration, well below the 20-year maximum provided by the statute.  *Id*.  Further, given Mr. Acosta-Quinones's undisputed criminal history, the district court correctly determined that his criminal history warranted 12 points placing him in category V, and that his total offense level was 21.  Based on these factors, the resulting Guidelines range of imprisonment was 70 to 87 months.  Mr. Acosta-Quinones was sentenced to 87 months, admittedly at the high end of the Guidelines range, but nonetheless clearly within it.  Thus, there is no error under step one of *Kristl*.

Mr. Acosta-Quinones next argues that the district court erred under step two of *Kristl* by refusing to grant a downward departure from that contained in

the Guidelines due to the length of time since he last committed a violent crime; the purpose of his re-entry; and the lack of any violent conduct associated with his re-entry conviction. Under step two, we apply a presumption of reasonableness to sentences falling within the ranges specified by the Guidelines, the case here. *Kristl*, 437 F.3d at 1054. Mr. Acosta-Quinones claims that the district court unreasonably failed to consider adequately the factors set forth in 18 U.S.C. § 3553(a). But at the sentencing hearing, the district court expressly stated that it "looked at the factors set forth in Section 3553(a)" and found that the defendant had "accumulate[d] a very substantial criminal history" while in the United States; that this prior history distinguished him from other defendants that came solely for economic reasons and avoided law enforcement; that lengthy sentences do not appear to deter the defendant from violating the law; and, thus, that the 87 month sentence recommended by the Guidelines was appropriate. Tr. Sentencing Hearing at 10-15; *see also* 18 U.S.C. § 3553(a) (factors to be considered in imposing a sentence, among other things, include: the nature of the offense, the defendant's criminal history, and the need for the sentence imposed to deter the criminal conduct). Given these circumstances, we cannot help but conclude that the district court's decision to impose a sentence at the high end of the Guidelines was reasonable under *Kristl's* second step.[1]

---

[1]We note, however, that even if there were no presumption of

(continued...)

\* \* \*

For the foregoing reasons, we DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[1](...continued)
reasonableness attaching to a Guidelines-based sentence, our decision would not be altered in this case as we independently find the sentence imposed here appropriate in light of the applicable Section 3553(a) factors.