FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFONSO GARCIA-RAMIREZ,

Defendant-Appellant.

No. 07-2036

District of New Mexico

(D.C. No. CR-06-787-BB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Alfonso Garcia-Ramirez, a native and citizen of Mexico, pleaded guilty to one count of re-entry of a deported alien previously convicted of an aggravated felony, a violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He was sentenced to serve a term in prison of 37 months. Mr. Garcia-Ramirez timely appealed his sentence. His counsel, Mark Fine, of the Fine Law Firm, Albuquerque, Mew Mexico, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Garcia-Ramirez has

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted no additional brief, and the government declined to submit a reply brief. Because we find that neither Mr. Garcia-Ramirez nor his counsel raises any non-frivolous issue on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I.  FACTUAL BACKGROUND

Mr. Garcia-Ramirez is a serial illegal immigrant and felon. He has been deported to Mexico on at least four occasions, and continues to reenter the United States illegally. Most recently, after serving three years in federal prison in Texas for illegal entry, he was released and deported on June 10, 2005. Only six months later, on January 20, 2006, he again entered the country illegally—the instant offense—while still serving unsupervised release from the previous offense. The Presentence Investigation Report ("PSR") prepared by the United States Probation Office in this case reflects that Mr. Garcia-Ramirez's rap sheet also includes two felony counts of controlled substance possession, felony distribution, another misdemeanor possession count, three counts of criminal trespass, and a charge of drinking in public, for which he never paid the fine. His other arrests include a variety of drug and immigration offenses. A warrant for his arrest, for violating probation, is outstanding in Missouri.

In this case, Mr. Garcia-Ramirez was charged with violating 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2), in that, having previously been deported from the United States "subsequent to a conviction for commission of an aggravated

felony," he "enter[ed], attempt[ed] to enter, or [was] at any time found in, the United States" without the permission of the Attorney General. He pleaded guilty. Under the Sentencing Guidelines, the PSR calculated Mr. Garcia-Ramirez's total offense level at 17 and his criminal history score at 14, placing him in criminal history category VI. The advisory Guidelines sentence for such an offender is 51 to 63 months' imprisonment.

The district judge calculated Mr. Garcia-Ramirez's total offense level to be 17. This reflected a base offense level of 8 under U.S.S.G. § 2L1.2(a), a 12-level enhancement under § 2L1.2(b)(1)(B) for commission of the re-entry offense subsequent to "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less," and a 3-level reduction for acceptance of responsibility. The judge additionally applied a 2-level downward variance for a fast-track plea which the government had offered but had revoked between the defendant's acceptance and the finalization of the agreement. The judge acknowledged that the correctly calculated criminal history category for Mr. Garcia-Ramirez was VI; the Guidelines range was therefore 41 to 51 months. The judge, however, found that the category of VI over-represented Mr. Garcia-Ramirez's actual criminal history, and elected to depart downward from this range to sentence him as though his criminal history category were V. *See id.* § 4A1.3(b)(i). An offense level of 15 and criminal history category of V would

produce a Guidelines range of 37 to 46 months, and the judge gave Mr. Garcia-Ramirez the bottommost sentence in this range.

Mr. Garcia-Ramirez filed a timely notice of appeal of the conviction and sentence. Counsel's motion to withdraw and *Anders* brief followed. Under *Anders*, a court-appointed defense counsel who believes that an appeal would be "wholly frivolous" may withdraw only upon submission of a brief to the client and the court indicating "anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). The defendant may then choose to submit arguments to the court. *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we conclude, after a full examination of the record before us, that the appeal is frivolous, we will grant motion to withdraw and dismiss the appeal. *Id.*; *Anders*, 386 U.S. at 744.

## II. DISCUSSION

### A. Validity of Sentencing Guideline § 2L1.2

The first issue presented in the *Anders* brief is a facial challenge under the Eighth Amendment to the validity of § 2L1.2 of the Sentencing Guidelines. That guideline sets a base offense level of 8 for crimes of unlawfully entering or remaining in the United States, and specifies enhancements in the offense level for defendants who have previously been convicted of other crimes. The district court held that Mr. Garcia-Ramirez's base offense level was subject to a twelve-level enhancement because his immigration violation was committed after his

deportation on an earlier "conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(1)(B).

Appellant challenges this guideline on the grounds that a sentence under it is cruel and unusual, and that the use of a prior felony conviction to determine the offense level, when the same prior conviction also contributes to the defendant's criminal history category, is an impermissible "double counting" of the conviction. Appellate counsel is correct that these arguments are frivolous.

The statutory maximum for the crime to which Mr. Garcia-Ramirez pled guilty is twenty years, or 240 months, *see* 8 U.S.C. § 1326(b)(2), and "a sentence within the prescribed statutory limits generally will not be found to be cruel and unusual." *United States v. Newsome*, 898 F.2d 119, 122 (10th Cir. 1990). In *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005), we affirmed, upon an Eighth Amendment challenge, a 46-month sentence for a violation of the same offense, interpreted under the same guideline, to which Mr. Garcia-Ramirez pled guilty. *See also, e.g.*, *United States v. Johnstone*, 251 F.3d 281, 286 n.7 (1st Cir. 2001) (rejecting Eighth Amendment challenge to 45-month sentence under same statute); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (same; 100-month sentence); *United States v. Cupa-Guillen*, 34 F.3d 860, 865 (9th Cir. 1994) (same; 100-month sentence). Appellant's argument that his sentence violates the Eighth Amendment is therefore foreclosed by precedent.

Appellant's alternative argument that it is impermissible "double counting" to use a previous felony conviction to calculate both the defendant's offense level and his criminal history category is likewise without merit. For offenses relating to illegal reentry, a previous felony is factored into the offense level because "we find it particularly troublesome to have illegal aliens returning who are not just illegal aliens, but also criminals. The criminal history category, however, serves the different purpose of evaluating the likelihood that any defendant will commit another crime in the future." *United States v. Olmos-Esparza*, 484 F.3d 1111, 1115 (9th Cir. 2007) (citation and internal quotation marks omitted). We have repeatedly and consistently upheld sentences where the offense level and criminal history both reflect the same prior criminal activity. *E.g.*, *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007); *United States v. Murriega-Santos*, 2006 WL 3291683 at *2 (10th Cir. Nov.14, 2006) (unpublished); *United States v. Hernandez-Juarez*, 185 F. App'x 758, 762–63 (10th Cir. 2006) (unpublished).

## B. Classification of Offense as Felony

The second issue raised in Appellant's *Anders* brief is whether the classification of a prior crime as a felony or a misdemeanor is a fact which must be proven to a jury if not admitted by the defendant. Here, the application of Guideline 2L1.2(b)(1)(B) turns on whether Mr. Garcia-Ramirez's 1993 drug trafficking conviction in Utah, the basis for the enhancement, was "a felony drug

trafficking offense for which the sentence imposed was 13 months or less." Mr. Garcia-Ramirez argues that, because he did not admit that the offense was a felony, and because this was not proven by the government prior to sentencing, the guideline cannot be applied to him.

This "argument simply miscasts a legal conclusion as a factual dispute." *United States v. Cordova-Arevalo*, 456 F.3d 1229, 1232 (10th Cir. 2006). Once the offense itself has been admitted to, its classification for sentencing purposes is a matter of federal law. On this question, it is clear that "felony," under this guideline, means any offense punishable by death or any term of imprisonment exceeding one year. *See* U.S.S.G. § 2L1.2 cmt. 2; *Cordova-Arevalo*, 456 F.3d at 1232–33; *see also, e.g.*, 18 U.S.C. § 3156(a)(3); U.S.C.G. § 4A1.2(o). As a legal matter, it is apparent from the face of the statute under which Mr. Garcia-Ramirez was convicted, Utah Code Ann. § 58-37-8 (1993), that the maximum penalty exceeded one year's imprisonment. *See id.* § 76-3-203. Mr. Garcia-Ramirez was actually sentenced to a term of five years, with all but six months suspended. The 12-level enhancement—applicable where the maximum term of imprisonment is greater than one year and the term actually served was 13 months or less—therefore applies, and his argument to the contrary is meritless.

Moreover, at Mr. Garcia-Ramirez's plea hearing, the following colloquy took place:

THE COURT:  Have you previously been in the United States and while here did you commit and were you *convicted of an aggravated felony*, distribution of a controlled substance?

MR. GARCIA-RAMIREZ:  Yes.

R. Vol. IV, at 24 (emphasis added).  Even if, then, he were correct that the classification of his prior offense as a felony should be considered a factual matter, he has admitted it, and that fact was properly used at sentencing.

### III.  CONCLUSION

Our review of counsel's *Anders* brief, as well as of the remainder of the record, reveals no non-frivolous issues for appeal.  We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.  The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge