FILED
United States Court of Appeals
Tenth Circuit

February 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE ANTONIO TORRES-LEAL,

      Defendant-Appellant.

No. 09-2128
(D.Ct. No. 2:08-CR-02231-BB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant-Appellant Jose Antonio Torres-Leal pled guilty to one count of

illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b).  He

_____

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata,* and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

now appeals his forty-six-month sentence, arguing it is unreasonable under the 18 U.S.C. § 3553(a) sentencing factors based on the district court's failure to consider his mitigating personal history and characteristics involving the circumstances of his prior burglary conviction, medical condition, and social and cultural ties to the United States.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Torres-Leal's sentence.

## I.  Procedural Background

On June 8, 2008, United States border patrol agents arrested Mr. Torres-Leal in Sunland Park, New Mexico, following a report of a domestic disturbance involving an illegal alien.  At the processing center, Mr. Torres-Leal refused to cooperate, became violent, and resisted restraint, resulting in his being sprayed with pepper spray and then hand-cuffed.  An immigration and criminal records check revealed not only his Mexican citizenship and deportation from the United States four months earlier, on February 11, 2008, but that he pled guilty and was convicted of an aggravated felony for residential burglary in Texas which was punishable by a period of imprisonment of over one year.

A criminal complaint and information issued charging Mr. Torres-Leal with illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b), to which he pled guilty without the benefit of a plea agreement.  Following his

guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable 2008 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer recommended applying a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), for unlawfully entering the United States, and increasing his base level sixteen levels, pursuant to § 2L1.2(b)(1)(A)(ii), because he had previously been deported following a felony conviction for first degree habitation burglary. The probation officer also recommended a three-level offense reduction for acceptance of responsibility, for a total offense level of twenty-one, which, together with his criminal history category of III, resulted in a recommended Guidelines range of forty-six to fifty-seven months imprisonment.

In assessing Mr. Torres-Leal's offender characteristics, the probation officer noted: (1) his two minor children are United States citizens; (2) his wife, who is employed at a grocery store, suffers from severe migraines for which she sees a physician; (3) their children are asthmatic and see a physician; and (4) his wife and children receive government assistance as well as support from his wife's mother and grandparents, who live next door. The probation officer further explained Mr. Torres-Leal reported overall good health, with the exception of a history of asthma, ulcers, and a back injury which he claimed occurred during his arrest, and that he takes medications. With regard to his

criminal history and any substance abuse, the probation officer noted Mr. Torres-Leal had three illegal reentry convictions and was arrested two times for operating a motorized vehicle under the influence of alcohol and four times for possession of marijuana. Finally, the probation officer stated that after assessing Mr. Torres-Leal's criminal and social history, details of the instant offense, and the factors in 18 U.S.C. § 3553, no circumstances, either individually or collectively, took him out of the heartland of cases of similarly-situated defendants, and, therefore, no departure or variance issues existed.

Mr. Torres-Leal filed a sentencing memorandum acknowledging his sentence was properly calculated but suggesting the district court should impose a below-Guidelines-range sentence based on the § 3553(a) factors. With regard to the nature and circumstances of his offense of illegal reentry, he explained he did not reenter the United States with "any nefarious intent" but because he spent most of his life in Sunland Park, New Mexico, and needed to earn money to provide medical treatment for his elderly mother in Mexico, who is cared for by his sisters, and for his wife and two children living in the United States. As to his personal history and characteristics, Mr. Torres-Leal recounted his children suffer from asthma and receive government assistance. He also stated he: (1) has lived in the United States since he was fifteen years old; (2) reentered the United States to make at least twice as much money as in Mexico; (3) suffers from his own

health problems with asthma and stomach ulcers; and (4) recently took blood tests indicating the possibility of hepatitis and susceptibility to infections. Finally, with regard to the other factors, Mr. Torres-Leal stated, in part, he would not reenter the United States, would not commit future crimes, and had learned his lesson from prior incarcerations and his recent custodial separation from his family.

The government responded to Mr. Torres-Leal's request for a downward variance, pointing out he had ten prior misdemeanor convictions, a prior felony conviction for burglary of a habitation, and had been deported three times – in 1995, 2001, and 2008 – none of which deterred him from committing illegal reentry. It also pointed to his litany of additional arrests for charges never filed or eventually dismissed and a pending warrant for his possession of a controlled substance. It also noted he uses ten aliases and four alternate dates of birth and discussed his belligerent and uncooperative behavior when taken into custody on the instant offense. As to his family, it explained Mr. Torres-Leal's mother is cared for by her daughters, and his wife confirmed their children are healthy, she works and receives Medicaid and financial support, and her mother and grandparents live next door and support her. Finally, the government pointed out Mr. Torres-Leal made the same arguments based on his medical condition and cultural assimilation and family ties the last time he was charged with illegal

reentry, and none of the circumstances claimed then or now take him out of the heartland of cases.

At his sentencing hearing, Mr. Torres-Leal's arguments for a reduced sentence centered on his claim his burglary conviction merely involved taking his own VCR from his cousin's home when he was only eighteen years old and his continued claim he reentered the United States to provide financial support for his mother, wife, and children. Prior to rendering a sentence, the district court confirmed Mr. Torres-Leal made no challenges to the factual statements or Guidelines calculations in the presentence report and also explicitly stated it had: (1) read his sentencing memorandum, the government's response, his reply, and the presentence report's factual findings; and (2) considered the sentencing factors in 18 U.S.C. § 3553. As to Mr. Torres-Leal's arguments for a below-Guidelines-range sentence, the district court stated:

> Well, the problem I have with your story ... is that your wife disputes the health status of your daughters. And the reason you're here in front of me is because you got into a domestic dispute with her and she called the immigration authorities. You still have a pending warrant out of El Paso regarding a controlled substance charge. You have several other arrests for numerous things, including controlled substances.
>
> So while I might be sympathetic normally to someone who was here to help their family, you have – as you did at the prison frequently – become belligerent and uncooperative ... with the police and the authorities.

I am sympathetic to the story about the burglary habitation, but if you had not just been deported in February and returned so quickly, I'd be much more sympathetic to hearing that story. You have been deported at least three or four times. You don't seem to get the message. I don't see any reason that I can vary based on your history and apparent lack of understanding, and failure to want to comprehend our laws.

So I'm not going to depart from the sentencing guidelines. I will give you a low end sentence, but you should be aware that every time you're found in this country, your sentence is going to go up.

R., Vol. 3 at 10-11. The district court then sentenced Mr. Torres-Leal at the low end of the Guidelines range to forty-six months imprisonment.

## II. Discussion

On appeal, Mr. Torres-Leal "does not challenge the procedural component of his sentence," but argues his sentence should be shorter, based on the 18 U.S.C. § 3553(a) sentencing factors, when considering: (1) the fact his prior conviction for residential burglary occurred when he was only eighteen years old and took his own VCR from his cousin's house; (2) his and his family's medical conditions; and (3) his social and cultural ties to the United States. Apt. Br. at 5. He states that "[t]hrough the pleadings and at sentencing, [he] presented factors pursuant to § 3553 which should have warranted a *downward departure* from the 46 months imposed" and that the district court "did not engage in an appropriate analysis of the § 3553 factors." *Id.* at 4 (emphasis added). In support, he states the district court: (1) focused primarily on the aggravating factors of his

situation; (2) misstated those factors when it said Mr. Torres-Leal's wife called "immigration authorities," when, in fact, she called the police, and mentioned he frequently became belligerent and uncooperative in prison, which he did not; and (3) failed to address any of the mitigating factors involving his health, his mother's health and his need to provide her financial support, and his close relationship with his two daughters.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a) is called a "variance." *See United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States*, ___ U.S. ___, 128 S. Ct. 2198, 2201 n.1 (2008). In filing his sentencing memorandum, Mr. Torres-Leal indicated he sought "a variance" based on the § 3553(a) sentencing factors, which we assume he intended to seek on appeal, rather than a "downward departure," as referenced in his brief.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008). "Our appellate review for reasonableness

includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. Here, Mr. Torres-Leal has expressly stated he is not appealing the procedural reasonableness of his sentence and, instead, is challenging the sufficiency of the § 3553(a) justifications relied on by the district court, which we have said "implicates the substantive reasonableness of the resulting sentence." *Id.* at 804. In addition, if the sentence is within the correctly-calculated Guidelines range, as Mr. Torres-Leal agrees it is here, we apply a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006) (per curiam). Mr. Torres-Leal may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *See id.* The 18 U.S.C. § 3553(a) sentencing factors include:

> The nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*United States v. Cordova,* 461 F.3d 1184, 1188-89 (10th Cir. 2006) (quoting *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005)). "The sentencing court ... is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it

fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id.* at 1189 (internal quotation marks and citation omitted). Instead, the district court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

With these principles in mind, we turn to Mr. Torres-Leal's appeal based on the substantive reasonableness of his sentence. In this case, the district court listened to the parties' arguments at the sentencing hearing and explicitly stated it had: (1) read Mr. Torres-Leal's sentencing memorandum, the government's response, his reply, and the undisputed presentence report's factual findings; and (2) considered the sentencing factors in 18 U.S.C. § 3553. As a result, we are confident it considered all of Mr. Torres-Leal's arguments in support of a variance. This is further evidenced by the fact the district court, in denying the requested variance, stated it sympathized with Mr. Torres-Leal with respect to the circumstances underlying his felony burglary conviction and the reasons for entering this country to help his family. But it also pointed out: (1) his wife disputed his version of their daughters' health status; (2) he was involved in a domestic dispute leading to the instant offense; (3) he had a pending warrant for a

-10-

controlled substance charge; (4) he had several other arrests, some of which were for controlled substances; (5) he became belligerent and uncooperative during the instant offense; and (6) he had been deported multiple times and returned shortly after the last deportation, demonstrating his failure to comply with or comprehend our laws. The district court also stated it did not see any reason to vary the sentence based on Mr. Torres-Leal's "history." While the district court did not specifically address Mr. Torres-Leal's medical condition when it addressed the issue of whether circumstances warranted a below-Guidelines-range sentence, it is clear it considered his argument and rejected it when it determined not to impose a below-range sentence.

Thus, instead of viewing only aggravating sentencing factors, as Mr. Torres-Leal contends, a review of the record establishes the district court considered all of the mitigating sentencing factors he raised, including his prior burglary conviction and his family medical conditions and circumstances, and determined, based on all of the factors considered, including his criminal history, repeated illegal reentries, and deterrence issues, that a sentence at the low end of the Guidelines range was reasonable under the circumstances. In so doing, the district court sufficiently stated in open court the reasons for its imposition of his sentence under 18 U.S.C. § 3553(c), satisfying us it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal

decisionmaking authority." *Id.*

We further note the reentry of an ex-felon into this country is considered a serious offense for which Congress has imposed a statutory maximum sentence of twenty years. *See* 8 U.S.C. § 1326(b)(2). As the district court indicated, Mr. Torres-Leal illegally entered this country following at least three previous deportations and specifically reentered and was arrested in this country only four months after his last deportation, indicating a need to provide adequate deterrence. In turn, Mr. Torres-Leal has not demonstrated his history and characteristics, including his criminal history and family medical conditions and circumstances, are sufficiently compelling for the purpose of making his forty-six-month sentence unreasonable, and, therefore, he has not rebutted the presumption his sentence is reasonable in light of the sentencing factors in § 3553(a). His failure to rebut this presumption is not materially aided by the fact the district court misstated Mr. Torres-Leal's wife called "immigration authorities," when, in fact, she called the police, or by its statement he frequently became belligerent and uncooperative in prison, which Mr. Torres-Leal contests.

### III.  Conclusion

For these reasons, we **AFFIRM** Mr. Torres-Leal's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge