**UNITED STATES COURT OF APPEALS**

**November 3, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MIGUEL PIÑON-MEDINA,

     Defendant - Appellant.

No. 10-2081
(D. N.M.)
(D.C. No. 2:09-CR-03608-WJ-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Miguel Piñon-Medina appeals from a 41-month sentence imposed for illegal reentry after removal subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2). He argues his sentence is procedurally and substantively unreasonable and seeks a reduction based on the 2010 amendments to the sentencing guidelines. We affirm.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

# I. BACKGROUND

Piñon-Medina pled guilty to illegal reentry after removal subsequent to an aggravated felony conviction. The presentence investigation report (PSR) calculated Piñon-Medina's total offense level to be 13, with a base offense level of 8, an 8-level enhancement for his aggravated felony conviction and a 3-level reduction for acceptance of responsibility.[1] His criminal history category was VI. The result was a guideline sentence range of 33 to 41 months imprisonment.

At sentencing, Piñon-Medina accepted the PSR's calculations but asked the district court to vary downward from the guideline range. Conceding his criminal history was "lengthy," he asked the court to consider his substance abuse problems and the petty nature of most of his criminal acts. (R. Vol. 3 at 8.) In the alternative, he requested a sentence at the low end of the guideline range for the same reasons. The government argued for a sentence at the high end of the guideline range because of Piñon-Medina's extensive criminal history and repeated removal from the country for immigration violations. The court sentenced Piñon-Medina to 41 months in prison.

# II. DISCUSSION

Piñon-Medina complains his sentence is procedurally and substantively unreasonable, prompting a deferential abuse of discretion standard. *United States v. Smart*, 518 F.3d 800, 802 (10th Cir. 2008).

A.     Procedural Unreasonableness

We first determine whether the sentence was procedurally reasonable. *Id.* at 804.

---

[1] The PSR was based on the 2009 edition of the sentencing guidelines.

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006) (internal quotation marks omitted). The district court need not address each argument separately on the record but must provide adequate explanation for the sentence it eventually imposes. *United States v. Jarillo-Luna*, 478 F.3d 1226, 1229-30 (10th Cir. 2007).

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.

*United States v. Rita*, 551 U.S. 338, 356-57 (2007).

Piñon-Medina argues his sentence is procedurally unreasonable because the district court failed to consider the non-violent and relatively minor nature of the aggravated felony used to apply the 8-level enhancement to his base offense level. He claims the district court "failed to state adequate reasons for rejecting [his] non-frivolous factors for a reduction in sentence." (Appellant's Br. at 6.) We need not determine whether Piñon-Medina's argument is frivolous because the record shows the district court

specifically considered the nature of the aggravated felony in reaching its sentencing

decision.  It said:

> I've reviewed the Presentence Report's factual findings.  I've considered the sentencing guideline applications and the sentencing factors of 18 U.S.C. 3553(a)(1) through (7).  The offense level is 13.  The defendant's criminal history category is VI.  Under the guidelines, that's a range of 33 to 41 months. I note the defendant reentered the United States illegally subsequent to a prior aggravated felony conviction, that being burglary of a building.
>
> I looked at the defendant's criminal history closely, because as [the prosecutor] knows, on some illegal reentry cases where defendants are in Category VI, I had rejected 11(c)(1)(C) plea agreements because the criminal history is off the charts.  I looked closely at the defendant's criminal history.  He's got, as I said earlier, felony convictions out of the State of Texas, New Mexico, and Colorado.  I guess the State of Texas had enough or the judge in Harris County, because for the conviction in Paragraph 26, they gave him seven years' custody in [sic] Texas Department of Corrections.
>
> I will -- I think, [defense counsel], you're correct.  There was not a crime of violence in there or a crime that constitutes, under the guidelines definition, a crime of violence.  But still, oftentimes, particularly on the burglaries of a dwelling and the property crimes and the theft crimes, somebody's being victimized.

(R. Vol. 3 at 10-11.)

Piñon-Medina's sentence is not procedurally unreasonable.

B.      Substantive Unreasonableness

Piñon-Medina also claims his sentence is substantively unreasonable.

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable

given all the circumstances of the case in light of the factors set forth in 18 U.S.C. §

3553(a)." *Huckins*, 529 F.3d at 1317 (internal quotation marks omitted).  "[I]n many

cases there will be a range of possible outcomes the facts and law at issue can fairly

support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). On appeal we presume a sentence within the properly calculated guideline range to be reasonable. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

Piñon-Medina argues his within-guideline sentence is substantively unreasonable because he was not engaged in criminal activity (other than illegal presence) at the time he was arrested, the crime used to enhance his sentence was merely the theft of a $30.00 radio,[2] defendants with similar histories were sentenced at the low end of the calculated guideline ranges for their offenses and his criminal history was overrepresented by the guideline calculation. In support of his argument, Piñon-Medina cites a number of cases in which we upheld sentences at the lower end of the guideline range where the defendants were convicted of illegal reentry and their sentences were enhanced for prior aggravated felony convictions. *See United States v. Torres-Leal*, 365 Fed. Appx. 954, 957 (10th Cir. 2010) (unpublished) (upholding a sentence of 46 months where the guideline range for the crime of illegal reentry after removal was 46-57 months); *United States v. Mancera-Perez*, 505 F.3d 1054, 1056 (10th Cir. 2007) (finding no plain error in a sentence of 46 months for the same offense with a calculated guideline range of 46-57 months); and *United States v. Murriega-Santos*, 205 Fed. Appx. 703, 705-06 (10th Cir.

---

[2] The aggravated felony used to enhance Piñon-Medina's sentence was a 2002 conviction for burglary of a building in Texas. The PSR reflects that Piñon-Medina broke into the leasing office of an apartment complex and stole a radio valued at approximately $30.00.

2006) (unpublished) (finding reasonable a sentence of 30 months where the guideline range for the same offense was 30-37 months).

Notably, two of the sentences Piñon-Medina cites for the proposition his sentence creates the appearance of disparity exceed the sentence in this case. Although we have concluded a reduction of a sentence because of the relatively minor nature of the aggravated felony used for enhancement was permissible, it is only one of many factors to be considered at sentencing and a whole range of sentences would be reasonable. In any event, the district court, as noted above, pointed out that Piñon-Medina's aggravated felony was not as minor as he wished the court to believe and also rejected Piñon-Medina's argument that his criminal history category under the Guidelines overrepresented his criminal conduct.

In fact, the transcript shows the court considered varying upward from the guideline range because his criminal history included ten misdemeanor convictions and seven felonies, some of which were not factored into his sentence calculation under the Guidelines:

> So I gave close consideration to sentencing above the guidelines pursuant to the authority that I have under *Booker*, but I decided that I was not going to do that and that I was going to impose a guideline sentence. But a sentence that I will find that is sufficient but not greater than necessary to satisfy the factors in Paragraph 2 of 18 U.S.C. 3553(a) and to achieve the goals of sentencing is a sentence on the high end, because, and as [the prosecutor] noted, four of the defendant's felony convictions are Paragraphs 19, 24, 25, and 26 resulted in no criminal history points, and I suspect the overriding reason for that is because the conviction in Paragraph 26, he spent -- got seven years' time in the Texas Department of Corrections. So as a result of sitting in prison in Texas for seven years, he timed out in terms of having any criminal history points on those convictions identified in Paragraphs 26, 25, and the earlier ones.

So I'm going to impose a sentence of 41 months' custody in the Bureau of Prisons.

(R. Vol. 3 at 11-12.) Piñon-Medina has failed to rebut the appellate presumption that his within-guideline sentence is reasonable.

C.     18 U.S.C. § 3582(c)(2)

In an argument raised for the first time on appeal, Piñon-Medina asserts his sentence should be reduced under 18 U.S.C. § 3582(c)(2)[3] because application of the 2010 amendments to the sentencing guidelines would result in a lower sentence. He argues the 2010 amendments eliminate U.S.S.G. §4A1.1(e), a provision that resulted in two points being added to his criminal history, and modified §5H1.4 to permit a downward departure based on drug or alcohol dependence. We do not decide whether Piñon-Medina will be eligible for a sentence reduction based on the 2010 amendments because those amendments are not currently in effect and will not take effect until November 1, 2010. *See United States v. Richards*, 5 F.3d 1369, 1372 n.1 (10th Cir. 1993) (pending amendments do not affect decisions on appeal). A reduction under § 3582(c)(2) is a matter of discretion for the district court. *United States v. Ivy*, 83 F.3d 1266, 1296 (10th Cir. 1996). The proper vehicle for this challenge, once the amendments take effect, would be to file a motion in the district court requesting a sentence reduction under 18 U.S.C. § 3582(c)(2).

---

[3] 18 U.S.C. § 3582(c)(2) allows a court to reduce a sentence of imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge